the date when it was in fact abolished by resolution of the council, approved by the mayor. That question can be determined in an action at law brought by the petitioner against the city. This proceeding is primarily one for reinstatement, and not an action to collect a debt. All concur. (The order directed reinstatement of petitioner as custodian of Buffalo City Court building.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

THOMAS STEWART, as Administrator, etc., of CARL STEWART, Deceased, Appellant, v. WILLIAM C. COOPER, Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendant in an action for damages for death of plaintiff's intestate who was struck by defendant's automobile. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JOHN PIWOWARSKI, an Infant, by ANTHONY PIWOWARSKI, His Guardian ad Litem, Respondent, v. A. CORNWELL, Appellant, and MANUEL GALLUP, Defendant. —Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, on the authority of St. Andrassy v. Mooney (262 N. Y. 368). All concur, except Sears, P. J., and Crosby, J., who dissent and vote for affirmance. (The judgment awarded damages for personal injuries in an automobile negligence action. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

ANTHONY PIWOWARSKI, Respondent, v. A. CORNWELL, Appellant, and MANUEL GALLUP, Defendant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, on the authority of St. Andrassy v. Mooney (262 N. Y. 368). All concur, except Sears, P. J., and Crosby, J., who dissent and vote for affirmance. (The judgment awarded damages for personal injuries in an automobile negligence action. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

WILLIAM C. KORT, Respondent, v. EMMA KORT, Appellant.— Order affirmed, without costs. All concur. (The order denies defendant's motion for a new trial in a divorce action on the ground of fraud.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

FRANCES WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent. EDWARD WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent.— Order of February 8, 1936, reversed on the facts, without costs, and motion of plaintiffs granted to the following effect, viz.: That the order of January 29, 1936, be modified, upon the payment by the plaintiffs to the defendant of the sum of fifty dollars by reciting the motion embodied in the order to show cause of January 29, 1936, and by striking out the ordering clause and inserting in place thereof the following: " Ordered that the two judgments of May 29, 1935, in each case, entered upon the orders of the Appellate Division, be consolidated and that there be inserted in each consolidated judgment the following: 'Adjudged that the judgment of the County Court of Monroe County entered in the Monroe County Clerk's office on the 19th day of February, 1935, be, and the same hereby is, reversed on the law.' " Memorandum: We construe the motion of the plaintiff (show cause order of January 29, 1936) as one to reargue the former motion and resettle it by granting amendments of the judgments of May 29, 1935. We are of the opinion that the judgments of May 29, 1935, as entered were amendable but that terms should be imposed upon granting the order to amend, for the irregularities