Keating, J.
(dissenting). On the evening of February 4, 1960, Greorge and Anna Hacker were visiting at the apartment *724 of George’s brother. Anna was sitting in the living room with George and his brother when she got up to go into a bedroom, separated from the living room by a kitchen. While she was in that room, a revolver owned by her husband, a probationary patrolman, discharged, a shot rang out and a bullet penetrated Anna’s spine rendering her a cripple for life.
Anna commenced this action against the City of New York and her husband alleging that the gun’s discharge resulted from the negligent manner in which it was handled and that this negligence resulted from the inadequate training which the city provided before requiring the patrolman to carry a gun.
The question of liability was separately tried before the court without a jury. A judgment was rendered in favor of the plaintiff. The judgment was reversed by the Appellate Division (First Department) with one Justice dissenting.
The basis of the Appellate Division’s reversal was that there was no credible explanation as to how the accident occurred. In the absence of such explanation, said the court, it was not possible to determine whether the defendant was acting within the scope of his employment when the gun discharged, nor was it possible to determine whether the allegedly inadequate training was, in fact, a proximate cause of the accident.
It is my view that the evidence produced by the plaintiff was such as to create a presumption that the gun was being used in the scope of the patrolman’s employment and that the burden was on the city to come forth with substantial evidence to rebut the presumption.
Hacker, as a probationary patrolman, was required to carry ■his revolver with him at all times. Although technically off duty, he, nevertheless, was duty-bound to act in his official capacity, should circumstances arise which warranted police intervention. (¡See, e.g., People v. Peters, 18 N Y 2d 238.) Thus at the time of the accident his possession of the revolver was a possession which may be deemed to have been within the course of his employment. (See Collins v. City of New York, 11 Misc 2d 76, affd. 8 A D 2d 613, affd. 7 N Y 2d 822.)
The presumption is warranted that the revolver was being used in the course of the patrolman’s employment when it was discharged. The patrolman was required to carry the gun as part of his employment. For any negligence in carrying or handling the gun the city would be responsible. Somehow, while *725 he was so carrying the weapon, it discharged. It ¡seems to me 'only reasonable, under these circumstances, to presume the weapon was being used in the course of the patrolman’s employment, and the burden of establishing that it was not so used should be on the city which, for its own benefit, required that the weapon be carried at all times. Indeed, given the nature of the weapon, it would often be difficult for a person injured, perhaps while in .another room or another apartment or walking on the .street, to establish exactly how the shot was fired.
The plaintiff, in proving that her injuries resulted from a ¡shot fired from a revolver used by a patrolman, has come forth with evidence sufficient to establish that the patrolman was acting within the scope of his employment, unless the city comes forth with substantial evidence to the contrary. (Cf. Norris v. Kohler, 41 N. Y. 42; St. Andrassy v. Mooney, 262 N. Y. 368.)
The city has established only that the version given by its employee is confusing and conflicting and, for that reason, unworthy of belief. It has not established .that, at the time the accident occurred, the patrolman was using the weapon for his own personal advantage.
Since the plaintiff is entitled to invoke the doctrine of res ipso loquitur, it may be inferred that the accident resulted from the negligence of the patrolman. This inference is strengthened by the fact that he had not yet completed the course given in the handling and care of the revolver.
The order appealed from should be reversed and the Special and Trial Term judgment reinstated.
Order affirmed.