MINNI SMITH, as Administratrix, etc., of SAMUEL SMITH, Deceased, Appellant, v. AMERICAN STEEL & WIRE COMPANY, Respondent; JOHN J. HYNES, Defendant.— Plaintiff's intestate was run down and killed by an automobile owned by respondent and operated by its employee, the defendant Hynes. In this action for damages resulting from the intestate's death, the respondent denied that at the time of the accident, defendant Hynes was operating the car with the express or implied permission of the respondent. The jury returned a verdict against both defendants, and the trial court set aside the verdict against respondent as against the weight of the evidence. Order setting aside verdict as against respondent and granting a new trial unanimously affirmed, with costs. The issues of negligence and contributory negligence were for the jury, and the evidence on those issues was adequate to support the verdict. We agree with the trial court, however, that the verdict against the respondent was against the weight of the evidence on the issue of Hynes' permission to use the car at the time of the accident. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

JOHN L. STEINBUGLER, Respondent and Appellant, v. WILLIAM C. ATWATER & Co., INC., Appellant and Respondent.— Action (1) upon two contracts for the sale and repurchase of certain shares of stock of the corporate defendant, and (2) to recover money which plaintiff had on deposit with the defendant. Defendant appeals from an order granting plaintiff's motion to strike out the Fourth defense for insufficiency, with leave to the defendant to serve a further amended answer as respects this defense only, which shall be in conformity with the decision and opinion of the court rendered upon the motion. Plaintiff appeals from so much of the same order " as respects the ruling made concerning the alleged contingent liabilities," and grants leave to the defendant to plead over. Order affirmed, with ten dollars costs and disbursements to the plaintiff. Defendant's time to serve a further amended answer is extended until ten days from the entry of the order hereon. In the last analysis, the factual question as to the amount of the defendant's corporate surplus must be determined in accordance with law upon the proofs to be adduced upon the trial. Regardless of the questioned affirmative defense that issue is presented by the allegations of the complaint (folio 99) and the denial in the amended answer (folio 128). We find it unnecessary at this time to pass upon the question whether the contingent liabilities arising from similar contracts of other employees of defendant must be considered in determining the corporate surplus. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.