JOHN L. STEINBUGLER, Respondent, v. WILLIAM C. ATWATER & Co., INC., Appellant.— Order striking out defendant's fourth, separate, special and distinct

defense, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Appeal from order denying defendant's motion to serve a further amended answer containing such fourth, separate, special and distinct defense dismissed, without costs. Upon a previous appeal we affirmed an order striking out a fourth defense by which the defendant attempted to plead a lack of surplus with which to purchase the plaintiff's stock. (*Steinbugler* v. *Atwater & Co., Inc.*, 259 App. Div. 725.) That defense, as then pleaded, was defective for several reasons; among others, because of the conclusory allegation contained therein to the effect that of the existing surplus $100,000 was restricted, and for the additional reason that the facts pleaded were not as of the date when the plaintiff's right to have the stock purchased ripened. Such defects and others have been eliminated from the defense tendered here. The pleading now contains the ultimate facts lacking in the former defense and properly raises the affirmative issue that on the date that the plaintiff demanded that his stock be purchased, the defendant lacked the necessary surplus to purchase the same. Inasmuch as the plaintiff's position is that the defendant must affirmatively establish that it lacks the necessary surplus with which to purchase the plaintiff's stock, it will simplify and clarify the issue to permit the amendment. We reiterate that " We find it unnecessary at this time to pass upon the question whether the contingent liabilities arising from similar contracts of other employees of defendant must be considered in determining the corporate surplus." (*Steinbugler* v. *Atwater & Co., Inc., supra.*) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.