Liability Act,* providing the place of trial for actions brought under that act in a United States court, have .no application to such actions when brought in the courts of this State, but that the provisions of the Civil Practice Act† govern actions brought in the latter courts.   Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MORRIS BERMAN, Respondent, v. BENJAMIN WINTER, Appellant.  (Appeal No. 1.) — Order striking out the separate and distinct defense affirmed, with ten dollars costs and disbursements.  No opinion.  Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MORRIS BERMAN, Respondent, v. BENJAMIN WINTER, Appellant.  (Appeal No. 2.) — Order denying defendant's motion for change of ·venue affirmed, with ten dollars costs and disbursements.  No opinion.  Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

FRANCIS CORDOCK, as Administrator, etc., of EDWARD CORDOCK, Deceased, Respondent, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.— Order denying motion to change place of trial reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the authority of *Barton* v. *Delaware, Lackawanna & Western Railroad Company* [*ante*, p. 748], decided herewith.  Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

HARRY J. DONNELLY, Respondent, v. JULIA A. LIGUORY, Defendant.  ANNA CATHERINE BIEG, Formerly ANNA CATHERINE HAASE, Appellant.— Order granting plaintiff's motion to serve amended complaint affirmed, with ten dollars costs and disbursements.  No opinion.  Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

DAVID GLASGOW, an Infant, by GEORGE GLASGOW, His Guardian ad Litem, Appellant, v. ISRAEL WELDT, Respondent.— Judgment reversed on the law, and a new trial granted, with costs to abide the event.  We think plaintiff made a *prima facie* case upon proof of the license number and defendant's ownership of the car, and that the presumption from these facts, that the person operating the car at the time of the accident was engaged in defendant's service, or was using the car with his permission, was not conclusively rebutted by the testimony of defendant to the contrary, although not contradicted.   The question of his credibility was for the jury.   (See *Ferris* v. *Sterling*, 214 N. Y. 249; *Schultze* v. *McGuire*, 241 id. 460.)   Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

GEORGE GLASGOW, Appellant, v. ISRAEL WELDT, Respondent.— Judgment reversed upon the law, and a new trial granted, with costs to abide the event, upon the authority of *Glasgow* v. *Weldt* [*ante*, p. 749], decided herewith.  Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

WILLIAM H. HARDING, Appellant, v. PAUL T. ZIZINIA, Respondent.  LEWIS A. ACKLEY and Others, Defendants.— Order vacating notice of examination before trial affirmed, with ten dollars costs and disbursements.  No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

HEGEMAN HOLDING COMPANY, INC., Appellant, v. WILLIAM J. DALTON, Mayor

---

* See 35 U. S. Stat. at Large, 66, chap. 149, § 6, as amd. by 36 id. 291, chap. 143, § 1.— [REP.

† See Civ. Prac. Act, § 182 *et seq.*— [REP.