BERTHA ST. ANDRASSY et al., Respondents, *v.* JAMES D. MOONEY, Appellant, Impleaded with Another.

(Argued June 6, 1933; decided July 11, 1933.)

*James A. Nooney* and *Ralph O. L. Fay* for appellant.

*L. H. Schleider* and *J. M. Cohen* for respondents.

LEHMAN, J.   The plaintiffs have recovered judgments for injuries suffered in a collision between a taxicab in which they were riding and an automobile owned by the defendant Mooney and driven by a chauffeur in his employ.   The defendant Mooney does not on this appeal question that the evidence is sufficient to sustain a finding that the collision occurred through the negligence of his chauffeur, but urges that the chauffeur was driving the automobile without his employer's authority or permission.

Proof of ownership is sufficient to establish *prima facie* that a custodian operating the car is engaged in the

owner's service. (*Ferris* v. *Sterling*, 214 N. Y. 249.) From such proof " a presumption arises that it was in use for his benefit, and on his own account." (*Norris* v. *Kohler*, 41 N. Y. 42, 44.) " The presumption * * * however, remains only so long as there is no substantial evidence to the contrary." (*Potts* v. *Pardee*, 220 N. Y. 431, 433.) Here the evidence shows conclusively that the accident occurred in the evening when the chauffeur was using the car to take his own friends for a drive. He was using the car for his own purposes. Under these circumstances, any inference that the car was in the use of the owner, for his benefit and on his account is excluded. Responsibility on the part of the defendant for the operation of his automobile here is, however, predicated, not on the ground of agency but upon the statutory liability of an owner of a motor vehicle for damages resulting from the negligent operation of his automobile by " any person * * * operating the same with the permission, express or implied, of such owner." (Vehicle and Traffic Law; Cons. Laws, ch. 71, § 59.)

We have held that since the enactment of the statute imposing this new liability upon the owner of a motor vehicle, the owner is presumptively responsible for the manner in which it is driven even though it appear that the vehicle was not being used in his service or for his business, for the inference of permission is not excluded. None the less, the presumption of such responsibility also disappears where upon all the evidence it appears that no permission was given. (*Chaika* v. *Vandenberg*, 252 N. Y. 101. Cf. *Fluegel* v. *Coudert*, 244 N. Y. 393.) The burden of proof is always on the plaintiffs. They have met that burden in the first instance by the presumption arising from proof of ownership. The operation of a motor vehicle without the consent of the owner is unlawful, and in the absence of explanation a logical inference of lawful operation with the owner's consent may be drawn from the possession of the operator. The

defendant destroys the inference and the presumption resting thereon when he shows the true facts. If the evidence produced to show that no permission has been given has been contradicted or, because of improbability, interest of the witnesses or other weakness, may reasonably be disregarded by the jury, its weight lies with the jury. If the jury discards that evidence then the presumption of responsibility still remains and justifies a finding against the defendant. (*Orlando* v. *Pioneer B. T. Supply Co.*, 239 N. Y. 342.) Here the defendant, his wife and the chauffeur, who was discharged after the accident, have all testified that no consent was given, impliedly or expressly, and that at the time of the accident the chauffeur was using the motor vehicle unlawfully and in defiance of his employer's commands. That testimony was not contradicted, but the trial judge nevertheless submitted to the jury the question of its credibility. The judgment can be sustained only if the jury could reasonably discard that testimony.

It is said that the testimony of the defendant and his wife is interested and discredited. Interested it may be, but we find no grounds upon which it may be discredited. It is probable, and the claim that it contains inconsistencies and improbabilities and contradictions, is without substance. Indeed, the surrounding circumstances speak forcefully in its support, and it is corroborated by the testimony of the discharged chauffeur — even though that testimony may not be itself conclusive. It is said that in his original answer, amended at the trial, the defendant admitted that the motor vehicle was being operated with the consent of the defendant at the time of the accident. If such admission was intentionally made, then the jury could reasonably discredit the testimony of the defendant and his witnesses. In fact the defendant admitted only the allegation of the complaint that " on or about " the date of the accident the chauffeur operated the automobile with the defendant's consent. That allegation is

concededly true. The dispute is only as to whether the chauffeur operated the automobile with like consent at the particular time on that date when the accident occurred, and that was denied by the defendant in his original answer, as well as at the trial.

The only conclusion that can be drawn reasonably from the uncontradicted evidence is that the chauffeur at the time of the accident operated the car unlawfully and without permission.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.