[Nos. 24428, 24429, 24430. Department Two. September 12, 1933.]

J. E. McMULLEN et al., Respondents, v. WARREN MOTOR COMPANY, Appellant.[1]

[1]Reported in 25 P. (2d) 99.

*LeRoy McCann* and *J. D. Oxman,* for appellant.
*A. N. Corbin,* for respondents.

MAIN, J.—Three separate actions were begun in the superior court, and were consolidated for trial. In the first one, J. E. McMullen, as plaintiff, sought to recover damages for personal injuries, and also property damage. In the second, Jennie McMullen, as administratrix of the estate of Emma Michael, deceased, sought to recover funeral expenses. In the third, Jennie McMullen, as administratrix of the estate of Warren E. Michael, deceased, also sought to recover funeral expenses. In the first action, the defendants were the Warren Motor Company and Dewey S. Rochester, but the latter was dismissed from the case prior to the trial, "without prejudice" to the bringing of another action against him. In the other two actions, the Warren Motor Company was the defendant.

The trial was to the court and a jury, and resulted in a verdict in the first action in favor of the plaintiff in the sum of $3,847. In the second action, the verdict was for $483.73, and in the third for $617. In each action, a motion was made for judgment notwithstanding the verdict and, in the alternative, for a new trial; all of which motions were overruled. A judgment was

entered in each case upon the verdict therein, and from the judgments the Warren Motor Company appeals.

The facts are these: The Warren Motor Company, the appellant, was a corporation with its principal place of business in Wenatchee. One Dewey S. Rochester operated a repair shop and service station at Manson, about forty miles from Wenatchee. The appellant was the distributor of Chrysler automobiles in Chelan and adjoining counties, and operated under a contract with the Chrysler Sales Corporation. Rochester sold Chrysler automobiles under a contract with the appellant, which was approved by the Chrysler Sales Corporation. Rochester did not keep any automobile for sale at his place of business, and did not have what is called a demonstrator.

April 25, 1931, Rochester, with a prospective purchaser for an automobile, went to the appellant's place of business in Wenatchee, and the prospective purchaser was introduced to the president and manager thereof. Soon thereafter, Rochester and the prospective purchaser, with the consent of the president of the appellant, took an eight-cylinder demonstrator Chrysler automobile for the purpose of showing the prospective purchaser how it would operate upon the highways. About five or six miles north of Wenatchee, the Chrysler, driven by Rochester at high speed, struck a Buick automobile, driven by J. E. McMullen, injuring McMullen and killing Mr. and Mrs. Michael, who were riding with him. The appellant, in its brief, admits the negligence of Rochester, and for this reason the facts as to the happening of the accident need not be detailed. Subsequently, the three actions were brought, as above indicated.

It is first contended that no recovery could be had for funeral expenses of either one of the deceased persons, because there was no showing of dependency.

Rem. Rev. Stat., § 183, provides that, when the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain an action for damages against the person causing the death. Rem. Rev. Stat., § 183-1, provides that every such action shall be for the benefit of the wife, husband, child or children of the person whose death has been caused, and if there be no wife, husband, child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers who may be dependent upon the deceased person for support. In this case, as indicated, neither of the deceased persons left a husband, wife, child or dependent.

In the departmental opinion in *Castner v. Tacoma Gas & Fuel Co.,* 123 Wash. 236, 212 Pac. 283, it was held that, under the statutes mentioned, the cost of funeral expenses was not recoverable in an administrator's action for wrongful death for the benefit of certain relatives or dependents. After the opinion in that case was filed, a petition for rehearing was granted, and the case was heard *En Banc.* 126 Wash. 657, 219 Pac. 12. Upon the latter hearing, it was held that funeral expenses are recoverable against one causing the death of another by wrongful act, over-ruling in this respect the departmental opinion. Upon the rehearing, it was said:

"A majority of the court, however, are of the opinion that the Department was in error in its conclusion that funeral expenses were not recoverable against one causing the death of another by wrongful act, and to that extent the judgment directed in the Department opinion must be modified."

There is a distinct holding by the majority of the court that funeral expenses are recoverable, and we are not disposed to depart therefrom.

458

[2] It is next contended that the trial court erred in refusing to allow the cross-examination of a witness. The respondents called Rochester as a witness, and, at the time of doing so, counsel for them stated:

"I am calling Mr. Rochester as an antagonistic witness."

To this, the appellant objected, and the objection was overruled. The witness thereupon testified, as appears in the abstract of appellant:

"My name is Dewey Rochester. I live at Manson and have a repair shop up there. They call me 'Duke' and my garage is known as 'Duke's Service'."

On cross-examination, the appellant sought to inquire into whether Rochester was, in fact, an antagonistic witness to respondents, and to this line of questioning an objection was made and sustained. We shall assume, without so deciding, that Rochester was not an antagonistic witness, that the objection to the statement that he was should have been sustained, and that the court erred in refusing inquiry, on cross-examination, as to whether he was. But the error was not prejudicial, because the witness, on his direct examination, had testified to no fact about which there was dispute. Had he testified to a controversial fact, a different question would be presented, upon which we do not here express any opinion.

[3] It is next contended that the evidence was not sufficient to take the cases to the jury, and that the motions for judgment notwithstanding the verdicts should have been sustained. When the respondents rested, they had shown that the appellant was the owner of the automobile causing the accident, and had called as witnesses the president and manager of the appellant, and also Rochester. The appellant, in support of its defense, called its president and manager, Rochester, and his prospective purchaser.

When the respondents showed that the appellant was the owner of the automobile, they made a *prima facie* case to the effect that, at the time of the accident, the vehicle was in the possession of the owner, and that whoever was driving it was doing so for such owner. *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Savage v. Donovan,* 118 Wash. 692, 204 Pac. 805; *Steiner v. Royal Blue Cab Co.,* 172 Wash. 396, 20 P. (2d) 39. The *prima facie* case so made means only that the case had proceeded upon sufficient proof to that stage where it must be submitted to the jury, unless the *prima facie* case should be met by the testimony of disinterested witnesses. *Singer v. Metz Co.,* 107 Wash. 562, 182 Pac. 614, 186 Pac. 327.

The *prima facie* case against the owner of a vehicle which causes damages while in the possession of another, rests upon a presumption which is not evidence, but relates to a rule of law and is a conclusion. The presumption serves as, and in the place of, evidence until the *prima facie* case is met by the opposite party with disinterested testimony. When the *prima facie* case is so met, the presumption has spent its force, and the party in whose favor it operated must meet his opponent's evidence with evidence. *Scarpelli v. Washington Water Power Co.,* 63 Wash. 18, 114 Pac. 870; *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013. The *prima facie* case, however, based upon the presumption, is not met by the testimony of interested witnesses, and, as against such witnesses, the presumption will take the case to the jury. *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648; *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6, 36 A. L. R. 1132.

In this case, as already appears, the respondents did not rest their case in chief upon the presumption, but produced other testimony, and the appellant called three witnesses by which it sought to overcome the pre-

sumption and the testimony offered by the respondents. One of these was the president of the appellant corporation, and was an interested witness. Rochester was also an interested witness, under the holding in the case of *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040. The other witness called, while disinterested, did not testify to any fact which would meet the presumption or overcome the testimony of the respondents.

█ Aside from the question of the presumption, the testimony offered by the respondents would have been sufficient to take the case to the jury. From that testimony, the jury had a right to draw the inference that Rochester was driving the automobile for the owner's purpose as well as his own. From the testimony offered by the appellant, the jury could have drawn the inference that Rochester was operating the automobile solely for his own purpose, and was not in any sense the agent of the owner. It thus appears that the court did not err in overruling the motions for judgments notwithstanding the verdicts.

█ This brings us to the question of whether there was error in submitting the case to the jury, and in this connection instruction No. 9 is complained of. In that instruction, it was stated that the appellant had admitted, which was a fact, that it was the owner of the automobile driven by Rochester at the time and place of the collision, and that there was a presumption of law arising from such admission that the automobile was in the possession of its owner, and then stated:

"You may take into consideration this admission, and the resulting presumption, together with all of the other facts and circumstances in the case, in determining whether or not, at the time and place of the collision, the said Dewey Rochester was engaged, in

whole or in part, in the business of the Warren Motor Company.''

The instruction concluded with the statement that the presumption referred to was rebuttable, but the question as to whether Rochester was, at the time and place of the accident, engaged in the business of the appellant was one for the jury's determination. It will be observed that, in the quoted part of the instruction, the jury were told that they could take into consideration the ''presumption, together with all of the other facts and circumstances in the case,'' in determining whether Rochester was engaged in the business of the appellant at the time of the accident.

The instruction is technically erroneous, in that the jury could infer therefrom that the presumption could be treated as evidence, together with all the other facts and circumstances in the case, while the rule of law is, as above pointed out, that the presumption is not evidence. The presumption, however, was still in the case, because it had not been met by disinterested witnesses, and it should have been called to the jury's attention, not as evidence, but as a mere presumption or conclusion. Since the presumption would have been sufficient to take the case to the jury without other evidence on the part of the respondents, it does not appear to us that the instruction, while erroneous in the respect pointed out, was prejudicial. It only told the jury that they could take into consideration the presumption, together with all the other facts and circumstances, and only by inference could it be said that the presumption was called to the jury's attention as evidence.

The appellant also complains because the trial court did not give certain requested instructions. But we find no error in this regard. Except in the particular mentioned, the instructions given fully and accurately

462

cover the case. The requested instructions, in so far as they correctly stated the law, were covered in the instructions given.

The judgments will be affirmed.

BEALS, C. J., BLAKE, STEINERT, and TOLMAN, JJ., concur.

