## TIPTON v. WESTERN UNION TELEGRAPH CO.

### Civil Action No. 29999.

District Court of the United States for the District of Columbia.

Dec. 2, 1946.

H. Mason Welch and Julius Aronoff, both of Washington, D. C., for plaintiff.

Dale D. Drain and B. Woodruff Weaver, both of Washington, D. C., for defendant.

PINE, Justice.

This is an action for damages on account of injuries received by plaintiff when he was struck by a bicycle owned and ridden by a messenger boy employed by defendant. The jury returned a verdict for plaintiff, and judgment was entered thereon.

Defendant has moved that the verdict and judgment be set aside and that judgment be entered in accordance with its motion for a directed verdict. This motion is made under Rule 50(b), F.R.C.P.

As sole ground for this motion, defendant contends that it appears from the uncontradicted evidence that the messenger boy was not acting in or about the business of defendant and was not acting within the scope of his employment at the time his bicycle collided with plaintiff. The other issues raised by the pleadings, i. e., negligence of the messenger boy and contributory negligence of plaintiff, are conceded to have been properly submitted to the jury.

The court, in considering a motion by defendant for a directed verdict, must construe the evidence most favorably to the plaintiff and give him the full effect of every legitimate inference therefrom. If, upon the evidence so construed, reasonable men might differ, the motion should be denied. On the other hand, if no reasonable man could reach a verdict in favor of plaintiff, the motion should be granted.[1]

This rule is applicable on a motion to set aside a verdict under Rule 50, F.R.C.P.[2]

Construing the evidence in the manner above stated, and giving the plaintiff the full effect of every legitimate inference, I am of the opinion that all reasonable men must reach the conclusion that, at the time of the collision, the messenger boy was belatedly returning to defendant's office after leaving for lunch approximately two and one-half hours previously, and that at such time and continuously since departure for lunch, he performed no duties or service for defendant, was directed to perform none, and was not acting within the scope of his employment. Under such circumstances, the defendant is not responsible for his acts. In this view I am supported, if not controlled, by the case of Postal Telegraph Cable Co. v. Thompson, 65 App.D.C. 351, 83 F.2d 608. The facts of that case and those relied on therein are strikingly analogous, and the law announced therein is directly in point. True it is that in the case just cited and in the case at bar the messenger boy was an employee of defendant and was wearing its uniform, and the collision occurred near the defendant's place of business. Conceding, as it must be, that this raised an inference that he was acting within the scope of defendant's business, such an inference ceases when there is uncontradicted proof to the contrary. This principle was reiterated in the recent case of Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552, 553, which involved the statutory presumption that an automobile is being driven with the owner's consent. In an opinion by Mr. Chief Justice Groner, the Court of Appeals held that "this presumption continues until there is credible evidence to the contrary, and ceases when there is uncontradicted proof that the automobile was not at the time being used with the owner's permission." In the instant case the uncontradicted proof in respect of which reasonable men could not differ disclosed that the messenger boy was not on duty and was not acting in or about the business of defendant nor within the scope of his employment at the time of the collision. Only by assuming that the jury might ignore all such proof and rely solely upon the inference referred to could the verdict be sustained. Support for this position may be found in the dissenting

[1] Gunning v. Cooley, 281 U.S. 91, 94, 50 S.Ct. 231, 74 L.Ed. 720; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628; Jackson v. Capital Transit Co., 69 App. D.C. 147, 148, 99 F.2d 380.

[2] Shewmaker v. Capital Transit Co., supra.

opinion in Rosenberg v. Murray, supra, but this court is bound by the majority view.

I regret that I find myself in disagreement with Mr. Justice JAMES W. MORRIS, of this court, before whom this case was previously tried, and who is of the opinion that the issue is for the jury, on the authority of Capital Transit Co. v. Jackson, 80 U.S.App.D.C. 162, 149 F.2d 839, which involved the inference raised by the doctrine of res ipsa loquitur. This case came before me by reason of the inability of the jury to agree in the trial before Mr. Justice Morris.

For the reasons above stated, the motion is granted. Counsel will prepare and submit, on notice, an appropriate order.