### SIMON v. DEW.
#### No. 1241.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 11, 1952.

Decided Sept. 8, 1952.

the statutory presumption of agency created by the Act.

Dew, the defendant, was the owner of five taxicabs. He rented the taxicab involved herein to one Campbell, a licensed taxicab driver, with instructions that she was not to let anyone else drive the taxicab. On the night of the accident, Campbell parked the cab in front of her house with the ignition locked and the doors unlocked. She left her keys on a radio in her apartment which she shared with one Corinne Hawkins. On the day following the accident, Campbell noticed that the front left fender and headlight of the taxicab were damaged. She did not know then how the damage had been done, but later learned from one Burdett that on the night of the accident he had been driving her taxicab and had been involved in an accident. Burdett was a friend of Corinne Hawkins and Campbell did not know whether Corinne or Burdett had taken the keys. On the day following the accident, she found the keys on the radio where she had left them. She testified that she did not have permission to let anyone drive that cab; that that was her agreement when she rented it from the defendant; and that she had never given permission to Burdett to use the cab.

On the basis of this evidence, the trial court, sitting without a jury, found in a memorandum opinion that "the presumption of agency is clearly refuted by the uncontradicted testimony on behalf of the defendent, Dew," and entered a finding and judgment for the defendant. Plaintiff appeals.

Robert H. Campbell, Washington, D. C., for appellant.

J. Lawrence Hall, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal involves the application of the Financial Responsibility Act[1] in an action arising out of an automobile accident. The sole issue before us is whether there was sufficient evidence to overcome

The law with respect to the Financial Responsibility Act has been developed in a series of decisions in the United States Court of Appeals for the District of Columbia and in this court. Our most recent decision is that of Milstead v. District of Columbia, D.C.Mun.App., 91 A.2d 93. In that case and the decisions cited therein, certain propositions are made abundantly clear. (1) Once the defendant's ownership

[1]. Code 1951, 40–403. "Whenever any motor vehicle * * * shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

has been established, the statute creates a presumption of agency which places the burden of proof as to the question of consent upon the defendant-owner. (2) The defendant-owner overcomes the statutory presumption when he offers uncontradicted proof that the automobile was not at the time being used with his permission. When the presumption is thus overcome, the defendant-owner is entitled to a favorable finding as a matter of law. (3) Where the defendant-owner offers some credible evidence to overcome the presumption, but evidence not strong enough to entitle him to judgment as a matter of law, the question of liability resolves itself into a question of fact.

■ In this case the judge was the trier of the facts as well as the law. We cannot determine from his memorandum opinion whether, in finding for the defendant, he was finding that the statutory presumption of agency had been overcome as a matter of law or as a matter of fact. However, in order to put the plaintiff's case in the strongest light, we may assume that the trial judge found for defendant as a matter of law. We may then subject defendant's evidence to the rigorous test of destroying "all inferences and presumptions supporting plaintiff and which raises no doubts against defendant." Hiscox v. Jackson, 75 U.S. App.D.C. 293, 127 F.2d 160, 161. If defendant's evidence survives this test, it also, of course, meets the lesser test of providing "some credible evidence" whereby the question of defendant's liability resolved itself into a question of fact.

At the outset it must be made clear that plaintiff's case against defendant rested solely on the statutory presumption of agency. Opposed to this presumption was uncontradicted testimony by the owner that his agreement with Campbell included instructions not to permit anyone to drive the rented cab. In support of this testimony—and here is an important difference between this and the Milstead case, supra—was the uncontradicted testimony of Campbell that

she had such instructions, and that she had complied with them. Moreover, the defendant denied knowing the driver Burdett and no evidence was offered to link him with Burdett. Neither do we have in defendant's proof such inconsistencies and self-contradictions as were revealed in the Hiscox case. The entire chain of testimony, plus the manner by which possession of the cab was obtained, tended to show not consent but unauthorized use. Here was more than the "uncontradicted proof" of Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552; here was the destruction of all inferences and presumptions supporting plaintiff to which the Hiscox case referred.

Citing Schwartzbach v. Thompson, D.C. Mun.App., 33 A.2d 624, plaintiff contends that defendant cannot by the simple device of denying consent swear the plaintiff out of court. This contention is without merit. In Rosenberg v. Murray, supra [73 App. D.C. 67, 116 F.2d 553], the uncontradicted testimony of the owner was held sufficient to overcome the statutory presumption of consent. Moreover, the court referred to three cases[2] and said: "In each of these cases the positive testimony which overcame the presumption was that of the owner."

■ Finally, plaintiff argues that the owner is liable for the negligence of Campbell in leaving her car keys on the radio in her apartment where they could be appropriated by her roommate or her roommate's friend. The theory advanced for this argument is that the defendant's agent, Campbell, thereby created the risk that a third person would act improperly. The answer to this is that there is no evidence that Campbell was negligent. She locked the ignition of the car and took the keys into her home where she left them on a radio. Under the facts here disclosed there was no basis for ruling as a matter of law or finding as a matter of fact that Campbell was negligent in leaving her car keys unguarded in her own home.

Affirmed.

2. Curry v. Stevenson, 58 App.D.C. 162, 26 F.2d 534; Peabody v. Marlboro Implement Co., 63 App.D.C. 288, 72 F.2d 81, certiorari denied, 293 U.S. 601, 55 S. Ct. 118, 79 L.Ed. 693; Simon v. City Cab Co., 64 App.D.C. 364, 78 F.2d 506, certiorari denied 296 U.S. 640, 56 S.Ct. 173, 80 L.Ed. 455.