Louis Howard STUMPNER, t/a L. H. Stumpner Co., Appellant,

v.

Dr. Bernard A. HARRISON, Appellee.

No. 2010.

Municipal Court of Appeals for the District of Columbia.

Argued July 23, 1957.

Decided Dec. 16, 1957.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellant.

Joseph Levin, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Plaintiff Harrison brought suit for personal injuries and property damage sustained in an accident involving a truck owned by the defendant and driven by one of his employees. The jury awarded

a. verdict for the plaintiff, and defendant principally contests in this appeal the denial of his motion for directed verdict made at the close of all evidence and the denial of his motion to set aside the verdict and enter judgment for the defendant.

No question is raised as to the negligence of the driver; the single issue in the case is the responsibility of the defendant owner. On this question both parties rely on § 40–424 of the Motor Vehicle Safety Responsibility Act,[1] which provides:

"Whenever any motor vehicle, * * * shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator tnereoi shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

The language of this provision requires no construction, as its purpose and effect have been carefully circumscribed in numerous decisions in this jurisdiction. Simply stated, the provision creates a statutory presumption of consent and shifts to a defendant owner the affirmative duty of proving that the automobile was not at the time of the accident being used with his express or implied consent. Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552. If the presumption is overcome by uncontradicted proof—and this may be done by the positive testimony of the owner—the defendant is entitled to a directed verdict as a matter of law. Simon v. Dew, D.C. Mun.App., 91 A.2d 214; Conrad v. Porter, D.C.Mun.App., 79 A.2d 777, affirmed 90

U.S.App.D.C. 423, 196 F.2d 240. If, on the other hand, the evidence contains inconsistencies and self-contradictions or is reasonably subject to contradictory interpretations, the question is one of fact for jury determination. Hiscox v. Jackson, 75 U.S. App.D.C. 293, 127 F.2d 160; Rice v. Simmons, D.C.Mun.App., 53 A.2d 587. Whether the issue of liability was one of fact or law must in each case depend on the evidence.

Defendant Stumpner was called both as a witness for the plaintiff and in his own behalf. He testified that he operated a plumbing and heating business, employing approximately twelve persons. Some of these were hired as plumber-mechanics, others as helpers and drivers. Frequently, when work was scarce, self-employed plumbers would seek temporary employment with larger firms such as defendant's. This was the case with one Lloyd, who was employed by Stumpner for two days' work on a project in nearby Maryland. While ordinarily all of his employees were permitted to drive the trucks, the defendant testified he did not permit persons who were in business for themselves and were hired on a temporary basis to drive, as he had found from past experience that they would sometimes use his vehicles for their own business purposes. On the day of the accident he therefore assigned a helper-driver, Sidney Hallyburton, to Lloyd who was in charge of the job. The two were instructed that Hallyburton was to drive, and in the event that supplies were needed Lloyd was to prepare a list for Hallyburton, who was to drive to a wholesale house for them. One trip for supplies was made by Hallyburton in the course of the project. The testimony of the defendant was corroborated by Hallyburton.

By company practice the keys to the trucks were left on the floorboards when

1. It is noted that both parties have cited Code 1951, § 40–403 of the Owners' Financial Responsibility Act, which was repealed May 25, 1954, 68 Stat. 120, effective May 25, 1955. However, the same language relied on by the parties in § 40–403 was incorporated in the new Act, May 25, 1954, 68 Stat. 123, effective May 25, 1955, found in Code 1951, § 40–424 (Supp. V).

the trucks were parked on private property. Sometime during the first day's work, under the pretense that he was returning to the truck for tools, Lloyd availed himself of the keys and took the truck. Subsequently, while driving in an apparently intoxicated condition, Lloyd struck the rear of plaintiff's vehicle, causing the damages and injuries alleged. The scene of the accident was some distance from the Maryland project and defendant's place of business.

As pointed out, the statutory presumption continues until there is credible evidence to the contrary and ceases when there is uncontradicted proof that the vehicle was not at the time of the accident being used with the owner's permission.[2] An examination of the defendant's testimony does not reveal the inconsistencies and self-contradictions of Hiscox v. Jackson, supra. His positive testimony, as corroborated, leaves no doubt that Lloyd was hired only in the capacity of a plumber-mechanic for a special project and was at no time given authority to use the trucks. By reason of the temporary employment, and because Lloyd operated an independent business of his own, he did not come within the class of regular employees who were permitted to drive the vehicles.

Much stress is placed by plaintiff's counsel on defendant's offer made shortly after the accident to pay the damages. It is argued that this evidence constitutes an admission of liability or at least raises doubts on the issue of consent. While the admissibility of this evidence is doubtful,[3] offers to pay damages are of little probative force, since they are often motivated by an opinion of the law, benevolence, or the desire to effect a settlement. Martin v. Burgess, 5 Cir., 82 F.2d 321.[4] In the absence of circumstances showing that the offer was predicated on an admission of fault, juries should not be permitted to speculate upon the intent or effect of the offer. Bateman v. Crim, supra. If anything, the circumstances here indicate that the offer might well have been founded on compromise or settlement, since the defendant patronized a business owned and operated by the plaintiff's family.

■ Finally, at the conclusion of plaintiff's case, the complaint was amended, over objection, to impose liability on the ground that defendant was negligent in hiring Lloyd. Recovery under this theory requires proof that an employer was negligent in selecting a servant unfit to perform the services for which he was employed, and no liability attaches to the master unless the incompetency or unfitness of the servant was the proximate cause of the injury.[5] The evidence is uncontradicted that Lloyd was not permitted to drive solely for the reason that he was in business for himself and not because of any incompetency or unfitness which was known or should have been known to the defendant. The record is, in fact, devoid of any evidence of unfitness on the part of Lloyd. Any recovery under this theory is unwarranted on the basis of the record.

We are therefore of the opinion that a directed verdict should have been entered on both counts for the defendant.

Reversed with instructions to enter judgment for defendant.

2. Rosenberg v. Murray, supra; Chasin v. Miller, D.C.Mun.App., 94 A.2d 647.

3. Bateman v. Crim, D.C.Mun.App., 34 A. 2d 257; see annotation, 20 A.L.R.2d 291.

4. See also Hiltpold v. Stern, D.C.Mun. App., 82 A.2d 123, 26 A.L.R.2d 852.

5. 57 C.J.S. Master and Servant § 559.