James P. LANCASTER and Ruth Y.
Lancaster, Appellants,

v.

Raymond J. CANUEL and Hunting Towers
Pharmacy, Inc., a corporation, Appellees.

No. 3238.

District of Columbia Court of Appeals.

Argued July 8, 1963.

Decided Aug. 22, 1963.

James T. Barbour, Jr., Washington, D. C., for appellants.

Louis M. Kaplan, Washington, D. C., with whom Lawrence E. Carr, Jr., Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal by the Lancasters, husband and wife, from a judgment *non obstante veredicto* in favor of appellees Canuel and Hunting Towers Pharmacy, Inc., a corporation, after a jury trial in which the Lancasters as plaintiffs secured a verdict for damages arising out of a motor accident involving their car and a vehicle owned by Canuel and driven by one Vernon Cooke, an employee of the pharmacy.

The Lancasters were residents of the District of Columbia. The collision took place at an intersection in the District about 11:30 p. m. The corporate appellee operated a pharmacy in Virginia where Canuel, owner of the automobile, also lived. Defendant Cooke was personally served in the District; the two nonresident defendants were served under the provisions of the Motor Vehicle Safety Responsibility Act of the District of Columbia, § 40–423, D.C.Code, 1961.[1] Appellee pharmacy, after

---

1. *"Section 40–423* (a) The operation by a nonresident or by his agent of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the Commissioners or their successors in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any accident or collision in which said nonresident or his agent may be involved while operating a motor vehicle on any such public highway, and said operation shall be a signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity

allowing a default to be entered against it for failure to file an answer, duly moved to set aside the default, which was granted. At pre-trial, by reason of the minority of defendant Cooke, a guardian *ad litem* was appointed for him. GS Rule 17(b).

After completion of all testimony and submission of the case to a jury under instructions, to which no objection was noted, a verdict awarding damages to both Lancasters was returned against all three defendants. Upon motion filed *only* by appellees Canuel and the pharmacy, judgments were entered by the trial court in their favor, notwithstanding the verdict, on the ground that "the evidence is insufficient as a matter of law to warrant a verdict for the plaintiffs either on the issue of express or implied consent *or* negligence." At the same time, the court ruled that "in event this action is reversed upon appeal, a new trial is granted," presumably as to these two defendants.[2]

Appellants contend that the trial court erred in granting (1) the motion of appellee pharmacy to vacate the default against it; and (2) the motion of appellees Canuel and the pharmacy for judgment *n. o. v.*[3]

We are satisfied that the first question becomes moot after completion of trial in favor of appellants. In any event, the power of the trial judge under GS Rule 55(c) to set aside entry of default at any time prior to judgment is restricted only by the requirements that it be exercised within a reasonable time and for good cause shown in the light of the circumstances of each case.[4] We cannot say that the motion here was not filed within a reasonable time after default entry or that good cause was not shown. We find no abuse in setting aside the default.

The trial court granted judgment for appellees Canuel and the pharmacy, notwithstanding the jury's verdict against them, after having denied their motion for a directed verdict at the close of all the evidence and thereby reserved for a later determination the legal questions raised by such motion.[5] Whether this action was proper requires an examination of the testimony to determine the sufficiency of the evidence.

Section 40–424, D.C.Code, 1961, provides that whenever any motor vehicle shall be operated in the District by any person other than the owner, with the consent of the owner, express or *implied,* there is a presumption in case of accident that the driver is the owner's agent and proof of ownership of the vehicle shall be prima facie evidence that the vehicle was being driven with the owner's consent. Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552; District of Columbia v. Abramson, D.C.Mun.App., 148 A.2d 578; Milstead v. District of Columbia, D.C.Mun.App., 91 A.2d 93; Conrad v. Porter, D.C.Mun.App.,

---

as if served upon him personally in the District of Columbia. * * *

"(b) For the purposes of this section.—

"(1) The term 'operation' * * * includes any use as well as any operation of such vehicle.

"(2) The term 'nonresidents' shall include any person who is not a resident of the District of Columbia and who was the owner or operator of a motor vehicle at the time such vehicle was involved in an accident or collision in the District of Columbia * * *."

2. It should be noted that defendant Cooke neither filed a motion n. o. v. nor appealed from the jury verdict against him. The judgment, *when entered of*

*record against him,* is therefore valid and enforceable, as a reversal here redounds only to the benefit of the appellants. Swofford v. International Mercantile Marine Co., 72 App.D.C. 225, 228, 113 F.2d 179, 182.

3. Although the record does not so show, appellants concede in their brief that appellees made a motion for a directed verdict at the conclusion of all testimony as required by GS Rule 50(b).

4. Wheeley v. Smith, D.C.Mun.App., 160 A. 2d 103, 106.

5. GS Rule 50(b); Prudential Ins. Co. of America v. McKeever, D.C.Mun.App., 89 A.2d 229, 231.

79 A.2d 777, aff'd 90 U.S.App.D.C. 423, 196 F.2d 240; Schwartzbach v. Thompson, D.C.Mun.App., 33 A.2d 624. The effect of this provision is to impose upon the owner the affirmative duty of proving that his car was not being driven with his consent. The presumption may be rebutted by the uncontradicted denial by the owner that the vehicle was being operated with his consent. Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160; Conrad v. Porter, supra.

Appellants concede that no *express* permission to the driver Cooke by either Canuel or the pharmacy to use the automobile on the night of the accident was shown, but contend there were sufficient facts from which the jury could have reasonably inferred an *implied* consent for that purpose or negligence in hiring Cooke and in the manner in which the car and keys were made available to him.

■ In the present case, we are primarily confronted with the question of "ownership" under the statute relied upon by appellants. "'Owner' and 'ownership' for purposes of the Act are not defined. Their meaning is left for judicial determination and this should be made so as to give effect to the objects and purposes of the statute."[6] In a prior case in this jurisdiction, a chattel mortgagee was held not to be an owner and did not become so by default of the mortgagor.[7] In the present case Canuel at the time of the accident was unquestionably the owner of the car; and we are convinced that lending the car to the pharmacy as a matter of courtesy for a limited purpose did not make the pharmacy a co-owner within the intent and purpose of the statute.

■ There is no question that Canuel as owner was aware his car would be driven in making small deliveries by the pharmacy employees, one of whom was Cooke. However, he did not consent to its operation after hours by Cooke for personal purposes, and his testimony to that effect was uncontradicted by any other witness. If there was a prima facie showing of implied consent under the statute, the positive statements of Canuel that he had never given Cooke the right to drive the car after business hours for any purpose of his own and that he had never known of Cooke doing so completely destroyed any inference or presumption that the car was being used with his permission at the time of the accident. Simon v. Dew, D.C.Mun.App., 91 A.2d 214, 215; Milstead v. District of Columbia, supra. Appellants having produced no proof showing either express or implied consent by Canuel for the use of his motor vehicle by Cooke at the time and place of the accident, the judgment *n. o. v.* for Canuel was properly granted.

■ An examination of the record shows no competent evidence to substantiate an alleged negligent hiring of Cooke by the pharmacy. Recovery under this theory requires proof that the employer omitted the use of ordinary care in its selection of Cooke as a servant unfit to perform the services for which he was hired; but no liability attaches to the employer unless the incompetency or unfitness of the servant was the proximate cause of the injury. Stumpner v. Harrison, D.C.Mun.App., 136 A.2d 870, 872. The record is devoid of any showing of unfitness on the part of Cooke. The employer found that his rendition of service was satisfactory in every respect, including the operation of two motor vehicles in the course of his duties at the pharmacy. Therefore, any recovery from the employer upon this basis was not justified as a matter of law.

■ There being no "owner" status under the statute applicable to the pharmacy, we next consider whether, under the doctrine of *respondeat superior,* the pharmacy was legally responsible for the negligent operation of the automobile by its em-

---

6. Mason v. Automobile Finance Co., 73 App.D.C. 284, 286, 121 F.2d 32, 34.

7. Mason v. Automobile Finance Co., supra, note 6.

ployee, Cooke. An employer, whether corporate or individual, is not liable for an employee's act unless performed within the scope of employment and for the employer's benefit. An act is not within such scope if done for the employee's purposes only. To be within the course of the employer's business, the conduct of the employee must be of the same general nature as that authorized or incidental to the conduct authorized. Park Transfer Co. v. Lumbermens Mut. Casualty Co., 79 U.S.App.D.C. 48, 142 F.2d 100; Presley v. Commercial Credit Corporation, D.C.Mun.App., 177 A. 2d 916, 918.

■■■ Cooke admitted that he took the automobile from his employer's lot adjacent to the pharmacy in order to drive to the District of Columbia on his own errand. This occurred after hours of employment and to achieve no objective directly or incidentally furthering his employer's business. His use of the car was wholly personal and without the course of his work for the pharmacy. On this issue there was no contradiction or inconsistent showing by any other evidence. The pharmacy was therefore not legally liable as employer for the careless operation of the car. The motion for judgment *n. o. v.* for the pharmacy was properly granted as there was no basis in law for invoking the doctrine of *respondeat superior* under the facts of this case.

Affirmed.