## CHASE v. ANDREWS et al.

No. 19682.   Opinion Filed Sept. 9, 1930.

Roach & Roach and Franklin H. Griggs, for plaintiff in error.

Samuel A. Boorstin and J. F. Conway, for defendants in error.

LESTER, V. C. J. The parties to this appeal appear in the reverse order to that in the court below, and for convenience will be referred to as they appeared there.

The plaintiffs secured judgment against the defendant on account of detriment to the plaintiffs by reason of defendant removing and damaging certain trees on the premises belonging to the plaintiffs.

Included in the judgment was also the sum of $50 denominated as exemplary damages. Defendant on appeal presents two propositions: First, that the plaintiffs were not the owners of the premises described in the petition. Second, that the court erred in submitting to the jury the question of exemplary damages.

An examination of the record shows that there was a misdescription of the property in the petition, but the parties proceeded in the trial with a full knowledge of the particular premises on which it was alleged the damages occurred. A variance between the allegations of the pleadings and the proof did not in any manner mislead the defendant.

In the case of Patterson v. M., K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31, the 3rd paragraph of the syllabus states:

"No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

The second proposition presented by the defendant is more serious.

Section 6007, C. O. S. 1921, provides:

"For wrongful injuries to timber, trees or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser or where the wood was taken by the authority of highway officers for the purposes of a highway, in which case the damages are a sum equal to the actual detriment."

Thus it is seen that the statute provides a specific manner in fixing the amount of damages for the removal or wrongful injury to trees or underwood upon the land of another.

It is true that there may be cases where it may be impossible to fix a standard of value upon the timber removed or damaged, but there are other means of establishing a value on ornamental or shade trees.

Section 6007, supra, is in the nature of punitive or exemplary damages in that it provides that the amount of recovery may be three times the detriment caused by the wrongdoer.

We think in the instant case that section 6007, supra, provides a specific measure of damages in a recovery for wrongful injury or removal of timber, trees, etc., on the premises of another, and the action of the court in directing a different measure of damages was erroneous.

Judgment is reversed, with directions to grant a new trial unless the plaintiffs shall, within 15 days after the mandate of this court is spread of record, enter a remittitur of $50, the amount assessed as exemplary damages.

MASON, C. J., and RILEY, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT, J., absent.

Note.—See under (1) 21 R. C. L. p. 611; R. C. L. Perm. Supp. p. 5082.