A. W. LONG, RESPONDENT, v. CLARENCE FULKERSON, APPELLANT.—
—74 S. W. (2d) 879.

Kansas City Court of Appeals. April 30, 1934.

Thos. P. Burns, Rex H. Moore and Platt Hubbell for respondent.

Paul D. Kitt and Clark, Boggs, Cave & Peterson for appellant.

CAMPBELL, C.—Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. Plaintiff had a judgment in the sum of $6500, from which the defendant has appealed.

The negligence pleaded was that defendant failed to drive his automobile in a careful and prudent manner, failed to exercise the highest degree of care, failed to maintain a vigilant watch for automobiles on the highway, negligently drove his automobile at a high and dangerous rate of speed, negligently drove on the wrong side of the road, suddenly drove to the right side of the road "and did negligently drive behind the automobile in which the plaintiff was riding and against the same."

The answer was a general denial and plea of contributory negligence.

Plaintiff and Russell Shaw, on the night of January 12, 1932, were riding in an automobile which the latter operated in a southwestern direction upon Highway No. 6 near Edinburg, Missouri. The automobile was upon its proper side of the pavement and was operated in a careful and prudent manner. The occupants of the automobile could not see through its windshield because fog covered it and enveloped the highway. Plaintiff opened the door on his side and looked ahead to protect the driver from driving off the pavement. The defendant at the same time also drove an automobile upon said highway, overtook the automobile in which plaintiff was riding, struck the back end of it and caused it to leave the pavement, run down an embankment, resulting in severe injuries to plaintiff.

**1232**

·The defendant assigns error to the action of the court in permitting respondent to amend his petition during the course of the trial and in refusing defendant's application for continuance.

An expert witness testifying for plaintiff said that plaintiff was suffering from injury of the right sacroiliac articulation. The court struck the answer of the witness upon the ground that the petition did not allege the injury mentioned by the witness. Thereupon plaintiff obtained leave to amend his petition by inserting the following: "And an injury to the sacroiliac connections of the pelvic articulations." The defendant filed application for continuance and affidavit of surprise. The application was overruled and the trial proceeded. The application and affidavit recited that the defendant was unprepared to defend against the injury stated in the amendment.

·The petition upon which the case went to trial alleged that "the plaintiff's right shoulder, shoulder blade and right arm were injured and the use thereof seriously impaired, and the plaintiff received an injury to his spinal column, and the spinal column of the plaintiff was wrenched, twisted, and thrown out of alignment."

:The plaintiff contends that the amendment was unnecessary; that the allegation that plaintiff's spinal column was wrenched, twisted and thrown out of alignment was equivalent to an allegation of injury to the sacroiliac connections of the pelvis.

·An expert medical witness testified as follows:

"Those two articulate with what we call the sacrum. That's a continuation of the spine (indicating). That part is the sacrum (indicating). ·The hip bone here and one here (indicating), and the spine down in between them. This joint here (indicating) is a joint that normally doesn't move, and this X-ray shows a little widening of the joint on the right side and normal on the left side. The articulation is normal here (indicating), and the anterior part here is normal. That bone (indicating) is a continuation of the spine or down, and that comes on down here (indicating), and the hip articulates in the bone on either side and then they join right here (indicating)."

In the case of Bales v. K. C. Pub. Serv. Co., 40 S. W. (2d) 665, 669, the court held that an allegation in the plaintiff's petition that "her back, spine and spinal column were bruised, contused, wrenched, sprained and twisted" was sufficiently comprehensive to allow the admission of expert evidence to the effect that the plaintiff sustained an injury "to the sacrum and the sacroiliac joint."

;The evidence of injury to the sacroiliac connection was admissible though the petition had not been amended.

, But there is another reason supporting the action of the court in overruling the application for continuance. The amendment was made on March 3, 1932. Plaintiff thereafter, on the same day, pro-

duced and examined four witnesses and defendant offered one witness in his behalf. Whereupon, the court adjourned until March 4, at which time the defendant introduced an expert medical witness who testified that at the instance of the former he examined plaintiff on May 11 and May 18, 1932; that he made an X-ray picture of plaintiff's sacroiliac articulation and reported his findings to defendant's counsel.

"Q. And you examined and investigated expressly to find out whether there was an injury to the sacroiliac articulation? A. Yes, sir, I did."

It is apparent the evidence disproved the statements in the application for continuance. There was no error in denying continuance. [Bales case, supra.]

The defendant contends that plaintiff's instruction No. 2 was misleading and confusing to the jury, permitted a verdict upon general negligence, although the petition was based upon specific negligence, permitted a verdict for the plaintiff for failure to reduce speed and keep the vehicle as far to the right as possible when rounding curves, which was not pleaded, advised the jury that defendant's driving upon the lefthand side of the highway was negligence, as a matter of law, assumed that there was no conflict in the record with reference to the manner in which plaintiff was injured. We do not find that the instruction was misleading, nor has the defendant called attention to a misleading sentence or paragraph. The instruction was in the conjunctive, did not authorize a verdict for the plaintiff unless the jury found that he was not guilty of contributory negligence; that defendant was guilty of the several acts of negligence pleaded and that such negligence on the part of defendant was the cause of plaintiff's injuries. The instruction was not erroneous. [Lauck v. Reis, 310 Mo. 184; Wentz v. Railroad, 259 Mo. 450, 476; Cool v. Peterson, 175 S. W. 244.]

The contention that there was a conflict in the evidence in respect to the charge of negligence is not supported by the record.

The defendant testified in part as follows:

"Q. Now, just tell the jury, you give your version of it. How did this wreck happen? A. Well, as I went around this curve, as I said, this fog was so dense in places—when I came to this curve there was an open spot like and I just ran over the inside and drove around the curve and ran into this fog again and about that time seen this other light coming towards me and could hear it plainer than I could see it. You hear the roar of the engine plainer than you could see the car.

"Q. That was the car coming— A. North.

"Mr. Cave: The opposite direction from you? A. Yes, the opposite direction from me.

"MR. HUBBELL (continuing): And on the same side of the pavement that you was? A. Yes.

"Q. And then what did you do? A. I cut right across the pavement to get away from it to my side of the road.

"Q. Which direction? A. Well, I was in a southwesterly direction.

"Q. And when you cut across the pavement in a southwesterly direction what happened? A. I hit another car. . . ..

"Q. Now, when you hit another car, what happened? A. Well, it went off the dump and I followed.

"Q. It went off the dump straight west, or which direction? A. It was in a southwesterly direction.

"Q. And you followed? A. Yes, sir.

"Q. Now, then, what did you do? A. Well, I got out of the car.

"Q. You got out of the car? A. I got out of the car and went to see what was wrong, who I had hit, who I had hurt.

"Q. You mean you didn't know who you had hit? A. No, sir, I did not.

"Q. Did you hit the car on purpose? A. Why, no.

"Q. Did you try to keep from hitting it?

"MR. CAVE: I object to that; he has told what happened. (No ruling.)

"Q. Did you see that car at all before you hit it? A. I did not. . . ..

"Q. Did you put on your brakes when you saw this car going northward? A. I would naturally think I put on the gas instead of the brake.

"Q. You would naturally think you put on the gas instead of the brake? A. Yes, I had to get away from that man, and you couldn't get away putting on the brake.

"Q. You think you put on the gas and went still faster? A. Yes, sir, right across.

"Q. Went right across the pavement and turned diagonally across the pavement? A. Yes, sir. . . ..

"Q. And you didn't start to increase your speed, you say, until after you saw this other car? To any appreciable extent? A. Not to speak of.

"Q. You didn't intentionally increase your speed until you saw this car coming, did you? A. No.

"Q. And you increased it for the purpose of getting out of the way of the other car? A. Yes.

"Q. How far away was your car when you saw the other lights? A. From fifteen to thirty feet.

"Q. Fifteen to thirty feet? A. Yes.

"Q. In other words, it was at that point so foggy and misty that you couldn't see the lights from the other car until the car got up within fifteen to thirty feet of you? A. Yes.

"Q. And when you did see the lights you increased your speed? A. Yes, sir.

"Q. And how far did you go before you struck the Shaw car? A. Well, it would be, I judge, about between forty and sixty feet."

The defendant is silent as to the legal effect of his personal testimony. His admissions were such that reasonable minds may not differ on the question as to whether or not he was negligent. And though defendant's conduct in driving upon the highway in utter disregard of the rights of others lawfully using it must be condemned, his frank admission of wrongdoing is commendable. We do not find error in the record. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.