### DALLAS RY. & TERMINAL CO. v. HELTON.

#### No. 12920.

Court of Civil Appeals of Texas. Dallas.

Nov. 2, 1940.

Rehearing Denied Dec. 7, 1940.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, for appellant.

Jack C. Burroughs, of Dallas, for appellee.

LOONEY, Justice.

The Dallas Railway & Terminal Company appealed from an adverse judgment in favor of F. L. Helton, who sought damages for personal injuries and injuries to his automobile, sustained in a collision between his automobile and one of the Company's buses. At the time of the collision, about 8 P. M., the bus was in the act of making a left-hand turn off Lancaster Avenue onto Saner Street in the City of Dallas. The bus had been traveling north, on the right side of Lancaster Avenue, until reaching the point of intersection with Saner Street. Plaintiff also was traveling north on Lancaster, immediately behind the bus, and, in attempting to pass

the bus at the intersection, the collision occurred.

The issues of negligence and contributory negligence, raised by pleading and proof, are revealed by the findings of the jury, in response to issues submitted, as follows: That the defendant was guilty of actionable negligence in that, its motorman failed to give any signal or warning that he intended to make a left-hand turn of the bus at the time of, or just prior to, the collision; that he failed to use or apply the stop light that was on the bus, and that he failed to keep a proper lookout.

The jury acquitted plaintiff of contributory negligence in the respects following: That is, that he did not fail to keep a proper lookout just prior to the collision; was not driving his car in excess of 20 miles per hour; did not fail to slow down as he approached the intersection of Lancaster and Saner; did not fail to have his automobile under control; did not fail to drive to the left on the free or unoccupied portion of the highway; did not attempt to pass the bus as it started to make a left turn onto Saner; and that he did not fail to signal or warn the operator of the bus of his, plaintiff's intention to pass. The jury also found that the collision was not the result of an unavoidable accident; assessed plaintiff's damages at $1,535.60, for which amount the court rendered judgment, from which, after its motion for new trial was overruled, the defendant appealed.

No question is raised as to the sufficiency of the pleadings, or of the evidence to sustain the verdict of the jury, defendant's insistence being that, the presence of traffic, other than plaintiff's automobile and defendant's bus, at or near the intersection of Saner and Lancaster immediately prior to the collision, raised the issues of "new and independent cause", of "sole proximate cause" and of "unavoidable accident"; therefore, the court erred in refusing to define "new and independent cause"; erred in refusing to submit that issue; erred in refusing to submit the issue of "sole proximate cause"; erred in failing to correctly define "unavoidable accident", and erred in incorrectly placing the burden of proof upon the defendant to show affirmatively the existence of an unavoidable accident.

The questions just mentioned, being propositions Nos. 1 to 8, inclusive, will be grouped and considered together, because it is our opinion that neither of the issues mentioned was raised by evidence.

The witnesses, whose testimony furnishes the factual basis for these contentions, are the motorman, the plaintiff and a Mr. Manchen. The motorman testified in substance that he had been traveling north on Lancaster Avenue, intending to turn left onto Saner Street, drove the bus to the right against the curb to await the passage of outbound traffic going south on Lancaster Avenue, and that, when the traffic passed, he held out his hand for a left turn and started up, but stopped for a car going north to pass around the bus, and, after the passage of this car, again started the bus, when plaintiff's car came up from the rear and struck the bus about six feet from the front end, the right-hand fender of the car striking the bus. We do not think the testimony of this witness disclosed the existence of any traffic at the time he turned to enter Saner Street, nor do we think plaintiff's testimony showed the existence of any traffic at the time he started to pass the bus. He stated that the bus slowed down and pulled to the right, that he (plaintiff) blew his horn, pulled to the left and started around the bus; thought he was going around all right when suddenly the light of the bus shone in his car, at which he quickly jerked his car to the left, but was hit on the side by the bus and knocked off the pavement. The only other witness was Mr. Manchen, who testified that he had been traveling north on Lancaster Avenue just prior to the accident; that the bus was in the lead, plaintiff's car was next, and the witness' car was next to that of plaintiff; that just before the bus started to make the left-hand turn at Saner, it pulled to the right, and that plaintiff started around the bus, which ran into the side of plaintiff's car, skidding and pushing the same to the edge of the driveway—about 40 feet. The testimony, in our opinion, fails to disclose any complication in the traffic at the particular time and place of the accident. Plaintiff and the driver of the bus were the only actors; their conduct alone produced the events resulting in the accident. The jury having found all issues of negligence and contributory negligence raised by the pleadings and evidence in favor of the plaintiff, and the same not being challenged for the want of evidence to sustain the findings, we think the assignments and propositions under consideration should be overruled. Similar situations were pre-

sented in Magnolia, etc., Co. v. Owen, Tex. Civ.App., 101 S.W.2d 354, 355, and in Young v. Massey, 128 Tex. 638, 101 S.W. 2d 809, with reference to which the court reached similar conclusions.

In its ninth proposition, the defendant insists that the court erred in not instructing the jury in writing not to consider, for any purpose, certain evidence in regard to injuries to plaintiff's spine—on the ground that such evidence was not authorized by the pleadings. The court instructed the jury verbally not to consider the evidence, but failed to repeat the instruction in writing, and this is assigned as error.

■■ The verbal instruction to the jury, in our opinion, was sufficient, even if the defendant were entitled to have the evidence excluded; however, in view of plaintiff's allegations, we think he had the undoubted right to make proof of a spinal injury. As to the result of the injury received, the petition alleged that it caused "the plaintiff to suffer a severe blow and bruise to his chest and to his left and right arm, particularly in and about the shoulders of the left and right arms; that the plaintiff suffered a severe sprain to his left and right sides; that all of the muscles, tendons, leaders, ligaments, and muscular movements of the plaintiff's left and right sides were torn, bruised and put out of place; that the plaintiff's back in and about, below and above, the lumbar region of the back, was injured and all of the leaders, tendons, muscular movements, and ligaments leading to and from the spinal column were bruised, torn and pulled out of place; * * *". Although the defendant excepted to these allegations, because too vague, general and indefinite, the record fails to disclose any action of the court on the exceptions; therefore, we must conclude that the exceptions were waived.

The back of a human is the hinder part of the body extending from the neck to the end of the spine; hence, the allegation that plaintiff's back in and about, below and above the lumbar region was injured, etc., comprehended not only injuries to the spinal column proper, but all else that constituted the hinder part of his body. Hence we think the rejected evidence was admissible, and that its exclusion and the instruction to the jury not to consider same constituted error—not against the defendant, but against the plaintiff, therefore,

overrule the assignment and proposition presenting this question.

In its tenth proposition, the defendant insists that, having verbally instructed the jury not to consider evidence relating to an effort or offer of settlement, the court erred in not reducing the instruction to writing, as a part of its charge.

The attorneys for the parties and the court are agreed that, ordinarily, proof of an offer of compromise or settlement is not admissible. In the instant case, however, plaintiff offered no evidence in regard to an attempted settlement—that matter crept into the case during the cross-examination of plaintiff by defendant's counsel. It seems that, plaintiff resided at McAllen, Hidalgo County, Texas, and, at the time of the accident, was en route to Kansas City. Three other persons were in the car with him at the time—a lady, a boy and a man. On cross-examination, defendant's counsel was questioning the plaintiff in regard to certain trips made by him subsequent to the accident. Plaintiff stated, among other things, that: "I came back here and went to the claim adjuster. I told him about the accident and everything and he had it wrote down and he said, 'What do you want out of this?' and I said, 'I want my side and back to get well. I don't want only my car straightened up,' and he said, 'Take your car up to the Franklin Body Company and have an adjustment made on it.' " Was then asked, "Q. Tell the jury about this trip. A. I am coming right to it. He said 'Just get me a written statement from the people that was in your car, whether they are hurt or not and we will settle with you,' and I drove a trip and got a statement from two of them which cost me a lot and when I got back with those two he said, 'We have got to have the third one; we can't settle without the third one.' "

At this point, counsel for defendant stated that the witness was talking about a settlement and that the evidence was not admissible and his answers were not responsive, self-serving, etc. The court sustained the contention of plaintiff's counsel, stating that the testimony in regard to the trips, and why they were made, was admissible. Defendant's counsel then proceeded: "I want him to tell the jury, if he can, about the trip that he made after the accident. He said some claim agent

told him to make the trips. I want to find out what trips he told him to make." Plaintiff answered: "I made them because he told me he wouldn't settle until I got a written statement from the people in my car, whether they were hurt, and that is the reason I made the trips. Q. How many trips did you make? A. I made two. * * * I mailed those statements to the bus claim agent and then he turned me down. He said, 'We can't do anything until you get a statement from the next person,' and I go to Tulsa, Oklahoma, and stayed there a week and got a statement from him, and he wasn't hurt in the wreck and I brought that back and he wouldn't even read it."

On re-direct examination, plaintiff's counsel asked him if he had been requested to get a doctor's statement. At this point, a colloquy arose, in which defendant's counsel said: "He testified and it is a fact there wasn't anybody hurt going up there. Whether he gets a statement or not doesn't have anything to do with the liability, whether we are responsible or somebody else is responsible for these alleged troubles he doesn't have. We object to going in here and talking about some statement he got here and some statement he got there. I asked him about some trips he had to go on. That's all I inquired about and all I asked him to go into. We offered him $35.00." (The statement that plaintiff had been offered $35 was later denied by plaintiff.) The court then instructed the jury again that the "lawyers are not witnesses. What they say is not evidence in this case."; that the only evidence the jury could consider is the testimony of the witnesses and the documentary evidence, and that they should not consider as evidence what the lawyers said. Defendant's counsel then requested the court to instruct the jury that they would not consider for any purpose the question of offer of settlement. Plaintiff's counsel replied: "There hasn't been any but his statement. We'll let him take it back if he wants to." The court then concluded the episode, as follows: "The court doesn't recall any question asked by counsel as to whether the plaintiff was made any prop-

osition of settlement. I do think there has been some testimony here that something like that occurred. It is excluded from you, because it is not responsive to the question asked and under the rules of evidence any testimony with reference to compromise is not admissible for any purpose and you cannot consider it for any purpose."

We think it obvious from the record that, after the question was raised as to the inadmissibility of evidence tending to show an effort at settlement, all of which was developed by defendant on cross-examination of plaintiff, defendant's counsel continued to cross-examine plaintiff in regard to why the trips were made, and elicited further answers to the effect that they were in response to the request of the adjuster, as basis for settlement, and counsel for defendant then stated in open court, in the presence of the jury, "We offered him $35."

All of this evidence, in regard to the proposed settlement, having been brought into the record as the result of the defendant's cross-examination of the plaintiff and the voluntary statement of defendant's counsel in open court, and the jury having been fully and several times instructed not to consider the same, we do not think the court erred in refusing to reduce his instructions to writing.

A similar question arose in the case of Tolivar v. Howth, Tex.Civ.App., 100 S.W. 2d 1090, where evidence went to the jury, as the result of appellant's cross-examination of one of appellee's witnesses, to the effect that Jannie Crawford was a prostitute. As in the instant case, the evidence was excluded and stricken from the record on appellant's motion. The court held that, since appellants themselves brought out this fact, it was not error for the court to refuse to give their requested instruction not to consider the same.

We have carefully considered all assignments and propositions urged by the defendant; finding same without merit, they are overruled, and the judgment below is affirmed.

Affirmed.