JOSEPH F. JONES, Respondent, v. NATIONAL BISCUIT COMPANY et al., Appellants.— STALEY, JR., J. Appeal from a judgment of the Supreme Court entered January 24, 1967 in Washington County upon a verdict rendered at a Trial Term in favor of plaintiff. On February 1, 1965 at about 4:40 P.M. the plaintiff was operating his automobile in a westerly direction on Dix Avenue in the City of Glens Falls at a speed of approximtely 20 miles per hour. As he stopped or was about to stop for the flashing red light at the intersection of Haskel and Dix Avenues, his automobile was struck in the rear by a truck owned by the defendant, National Biscuit Company, and operated by the defendant, Bruce J. Davidson. At the time of the accident it was daylight, snow was falling, and there was some accumulation of snow upon the road. Both drivers were familiar with the road and knew that the intersection was controlled by a flashing red light. The defendant testified that the light was visible from a point about one-half mile east of the intersection; that he was following the plaintiff's automobile at a speed of about 20 miles per hour, and at a distance of three car lengths or about 40 feet; that, as they approached the light, the plaintiff braked his automobile which then began to fishtail; that he then applied his brakes whereupon his truck commenced to slide. The defendant further testified that he attempted to avoid a collision by heading for the snowbank on the right, but a pedestrian was there and, as he straightened out his vehicle, the plaintiff's automobile straightened out and he hit the rear of it. The plaintiff testified that as he came to the blinker light, he stopped and was looking up at the blinker for a second prior to the accident. The defendants contend that the defendant Davidson, by reason of the fishtailing action of the plaintiff's vehicle, was confronted with an emergency not of his own making, and it was, therefore,

error for the trial court to refuse to charge the "emergency rule." Under this rule an individual, who is called upon to act in an emergency not created by his own acts, is not obliged to exercise the best judgment, and an error of judgment even if unfortunate, does not make it negligent. (*Rowlands* v. *Parks*, 2 N Y 2d 64.) The facts in this case clearly show that no emergency existed. The defendant Davidson was familiar with the road and the flashing light, and knew that both drivers were required to stop at the light. He conceded that it was snowing and that there was a one to two inch accumulation of snow upon the road. Although the determination of whether or not an emergency existed is generally an issue for the jury to decide, under the circumstances here, it cannot be said that the alleged fishtailing of plaintiff's automobile when the brakes were applied was an unexpected event under the weather conditions existing at the time of the accident. (Prosser, Torts [3d ed.], pp. 171–173.) It was thus not error for the trial court to refuse to charge the "emergency rule". The defendants also contend that the motion to strike the testimony of Dr. Leaf, a chiropractor, should have been granted, and that Dr. Leaf should not have been permitted to testify as an expert medical witness. A witness may testify as an expert if it is shown that he is skilled in the profession or field to which the subject relates, and that such skill was acquired from study, experience, or observation. (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389.) Dr. Leaf testified with regard to the condition he found in the plaintiff's cervical column in the area of the second to the fifth vertebra. He testified as to his qualifications and the courses of study which he had pursued, which included anatomy, structure of the human body, and articulation of the spine among others. He also testified that he was licensed to practice chiropractic in the State of New York, and had been in practice since January, 1949. In our opinion it was adequately shown that Dr. Leaf was sufficiently skilled by reason of study and experience to warrant the admission of his testimony as an expert. Dr. Leaf did not render an opinion concerning causal connection between the accident and the conditions for which he treated the plaintiff. Dr. Milton H. Greenberg, however, did testify and established a causal connection between the accident and injuries received by the plaintiff in the area of the neck and shoulders. Dr. Leaf's testimony was limited to his findings in the neck area. His testimony did not conflict with that of Dr. Greenberg, and was in a sense supplemental thereto. In our opinion causal connection was sufficiently established by Dr. Greenberg. The defendants further contend that Dr. Greenberg's testimony should also be stricken on the ground that the question requiring an opinion answer, with regard to causal connection, posed to Dr. Greenberg was grammatically incorrect and makes no sense. The doctor was asked, "Doctor, can you answer with a reasonable degree of medical certainty whether or not the injuries [*sic*] as described to you by the plaintiff, Mr. Jones, which were suffered in this accident, are a competent producing cause of the injuries he has received?" The doctor answered "yes." Although the question objected to was misstated, we are not disposed to reverse on this point, since it is apparent that, despite its deficiencies, the question was clearly understood by Dr. Greenberg and by the court, and we presume understood by the jury. In examining this question ourselves, we have no difficulty in determining the intent of the question or the answer sought thereby. Though technically erroneous, it does not warrant reversal, particularly where, as here, the defendant's own medical expert established a causal relationship between the plaintiff's injuries and the accident. The defendants further contend that medical evidence concerning conditions not claimed in the bill of particulars was admitted over their objections, and that this constitutes

reversible error. A plaintiff is necessarily confined to the injuries enumerated in his bill of particulars unless it is clear from the evidence that other complaints testified to necessarily and immediately flow from the injuries set forth in the bill of particulars. (*Mauro* v. *Ruckert,* 15 A D 2d 923.) The evidence sought to be excluded is the patient's statement of his condition after the accident, and his doctor's statement as to his complaints when he came to his office. The patient's complaints do not constitute medical evidence as such, but form the basis for the physician's medical examination and diagnosis of injury. It is, therefore, not improper to admit evidence of the plaintiff's complaints which form, in part, the basis of the medical expert's conclusion as to injury. The conditions, feelings, and sensations complained of must be considered as flowing directly from the injury as they enable the physician to discern the injury. In the instant case the bill of particulars covers the actual injuries sustained, and it was not error to admit evidence of the symptoms and other direct involvements of such injuries. The defendants also complain that the verdict is excessive. In our view the amount of the verdict in the sum of $5,000 is not excessive, and is not such as to shock our conscience. In a case involving similar injuries, we affirmed modified judgments on condition that the plaintiff accept a reduced amount of $10,000. (*Waldorf* v. *Sorbo,* 10 A D 2d 226, affd. 9 N Y 2d 703.) Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Staley, Jr., J.