Leona GUSTIN and Jesse James Gustin,
Appellants,

v.

Arthur Floyd MEADOWS, Appellee.

No. 46142.

Court of Appeals of Oklahoma,
Division 1.

March 12, 1974.

Approved for Publication by Supreme Court
April 5, 1974.

Lampkin, Wolfe, Burger, Abel, Mc-Caffrey & Norman, Oklahoma City, for appellants.

McKinney, Stringer & Webster by Kenneth N. McKinney, Oklahoma City, for appellee.

ROMANG, Judge:

This case grows out of a collision between two automobiles, which took place in Cleveland County, Oklahoma, on August 29, 1971, at about 1:30 o'clock P.M.

Leona Gustin was a passenger in an automobile being driven by her husband, Jesse James Gustin. They were traveling

east on Indian Hills Road, a graveled road, which was approximately 19 feet wide.

Defendant, Arthur Floyd Meadows, was driving his automobile south on Westminister Road, a dirt road, which was approximately 22 feet wide.

The two automobiles collided in the intersection of said roads, which is near Draper Lake in Cleveland County, Oklahoma. The legal speed limit on both of said roads was 55 miles per hour.

Leona Gustin and Jesse James Gustin as plaintiffs, filed a petition against the defendant, Arthur Floyd Meadows. The first alleged cause of action was for damages for the personal injuries sustained by Leona Gustin in the collision. In the second alleged cause of action, Jesse James Gustin sought to recover damages for medical expenses on his wife, and for loss of his wife's consortium.

Defendant in his amended answer, alleged certain acts of negligence on the part of each plaintiff, which were denied in plaintiffs' reply to the amended answer.

Trial of the case before a jury resulted in a verdict for Leona Gustin, fixing the amount of her recovery at $17,500.00. The verdict also read:

". . . and further find in favor of the defendant and against the plaintiff, Jesse James Gustin."

The Journal Entry of Judgment reads in pertinent part as follows:

"WHEREUPON, upon the aforesaid jury verdicts, it is the order, judgment and decree of the court that plaintiff Leona Gustin have and recover judgment from the defendant Arthur Floyd Meadows in the total sum of $17,500, and it is the further order, judgment and decree of the court that judgment be and is hereby rendered in favor of defendant Arthur Floyd Meadows and against the plaintiff Jesse James Gustin on the cause of action of the plaintiff Jesse James Gustin."

▇ Leona Gustin and Jesse James Gustin have appealed and each seeks a new trial on different grounds. Seven proposi-

tions in all are presented. We will first consider the third proposition, which reads as follows:

"PROPOSITION III. It was error for the trial court to instruct that if Mr. Gustin was contributorially negligent, he would be banned from recovering medical expenses and loss of services due to Mrs. Gustin's injury."

In Laws v. Fisher, 513 P.2d 876 (Okl. 1973) the court syllabus reads as follows:

"A husband's right to recover special damages for loss of his wife's services, or for medical and hospital expenses arising out of her injuries, is derivative only, so that if she has no valid claim for such injuries, he is likewise without right to recover for such damages."

The verdict in the instant case carries with it a finding that Leona Gustin was not guilty of any negligence, but also carries with it a finding that Jesse James Gustin was guilty of one or more acts of negligence which contributed to the proximate cause of the collision and the resulting injuries. The real question is whether in that type of situation, a husband may recover for loss of his wife's consortium and for medical expenses caused by her injuries to which his negligence has contributed.

41 Am.Jur.2d, § 452, p. 380 reads as follows:

"A husband's consent to, or his negligence contributing to, an injury to his wife is a defense to an action by him for loss of her consortium and expenses resulting from such injuries to her."

In Marton v. McCasland, 16 A.D.2d 781, 228 N.Y.S.2d 756, 757 (1962) the Supreme Court of New York states in the opinion as follows:

". . . Also, it should be noted that the finding of contributory negligence on the part of the plaintiff driver, implicit in the verdict of the jury and supported by the evidence, would in any event defeat his right of recovery upon this alleged derivative cause of action for loss of services and medical expenses of his wife."

We find no Oklahoma decision on this precise point, but the above appears to be the majority rule. We therefore hold that the said third proposition is without merit.

■ We have reviewed plaintiffs' fourth and fifth propositions in the light of the evidence in this case and the applicable Oklahoma law, and find that said propositions are also without merit.

Plaintiffs' sixth and seventh propositions read as follows:

"PROPOSITION VI. The court erred in failing to instruct the jury on joint and several liability as requested by the plaintiffs.

"PROPOSITION VII. It was error by the trial court to refuse to give plaintiff's requested instructions Numbers 7 & 8."

Plaintiffs have failed to include in their brief any part of their requested instruction on joint and several liability, and they have failed to set out any part of their requested Instructions 7 and 8.

Rule 15 of the Rules of the Oklahoma Supreme Court, reads as follows:

"Where a party complains of an instruction given or refused, he shall set out *in totidem verbis* the instruction or the portion thereof to which he objects together with his objection thereto."

Since plaintiffs have not complied with said Rule 15, we decline to further consider their propositions VI and VII.

■ This leaves two remaining propositions, I and II, of which the first reads as follows:

"PROPOSITION I. The trial court erred in not allowing plaintiff, Leona Gustin's evidence concerning her knee injury."

The trial court refused to allow testimony as to the knee injury of Leona Gustin on the ground that such injury was not alleged in the petition. In this regard the petition reads as follows:

"As a result of defendant's negligence the muscles, ligaments, tendons, soft tissues, bony structures, nerve centers, and blood vessels in plaintiff's head, neck, back, shoulders, arms, hands, legs and feet were pulled, torn, strained, traumatized and their functions impaired, and plaintiff's ribs were broken and her lungs and liver punctured."

The transcript of testimony herein contains the following:

"THE COURT: Doctor Harsha, now they asked you something about an injury to the knee. Is this injury that they asked you about and about which you were going to relate before we came in here, does it have anything to do with the muscles, ligaments, tendons, soft tissues, bony structures, nerve centers or blood vessels in the legs?

A The answer is yes, sir, so far as soft tissue and bony structure.

\*  \*  \*  \*  \*  \*

"THE COURT: The only thing this Court is concerned with is Supreme Court decision Brown versus McNair where the Supreme Court says unless you specifically plead your injuries in advance you cannot prove them at the time of trial. There is an objection now that they have pled nothing to the knee. I do not feel that from the petition's first cause of action in this case there is anything to put them on notice that there was injury to any knee, and the objection will be sustained, exception allowed, on the basis of Brown versus McNair."

In Brown v. McNair, 125 Okl. 144, 256 P. 903 (1927) the court syllabus states:

"In an action for damages for personal injuries, where plaintiff pleads both generally and specifically as to the damages resulting from such injuries, the plaintiff is not limited in his proof to the injuries specifically alleged, but, in the absence of a motion to make more definite and certain, may prove results of the wrongful act alleged, the origin or aggravation of which is traced to the injuries described."

And the opinion reads as follows:

". . . In other words, in brief language, the defendant asserts that this cause should be reversed for a new trial, for that plaintiff pleaded specific inju-

ries and specific consequences resulting therefrom, for which she sought general damages, and that the specific injuries and the specific consequences resulting therefrom, as pleaded, gave no notice to the defendant that evidence would be offered as to internal injuries, as testified to by plaintiff's physician; that by reason of this character of allegations, the defendant was not required to anticipate and be prepared to meet this character of evidence."

The judgment for the plaintiff in the McNair case was affirmed in spite of the evidence admitted, which the defendant claimed to be in error.

Significant in the above quoted allegations from the petition herein, is that the "bony structures" of Leona Gustin's "legs and feet were pulled, torn, strained, traumatized and their function impaired."

The word "knee" is defined in Webster's New Collegiate Dictionary as follows:

"In man, the joint, or the region of the joint, in the middle part of the leg."

In Alfultis v. Bi-State Development Agency, 439 S.W.2d 206 (Mo.App.1969), the court held that admission of testimony as to shortening of plaintiff's leg was not error, though shortening of the leg was not pleaded. In the opinion, the court said:

"The pleadings are very broad and upon proper motion by defendant could have been made more definite and certain, but no such motion was made. Since the petition included in the injuries asserted the spinal column, hips and joints and vertebrae connected with them we find that the pleading was sufficient to include the tilted pelvis and the attendant shortening of the leg. The pelvis supports the spinal column and rests upon the lower extremities. The tilting of it would necessarily shorten the leg. The point is without merit. McCauley v. Anheuser-Busch Brewing Ass'n, 300 Mo. 638, 254 S.W. 868; Long v. Fulkerson, 228 Mo.App. 1230, 74 S.W.2d 879."

In Thompson v. Walton, 297 P.2d 1084 (Okl.1956), the court said:

"The contention of defendants that the court erred in permitting plaintiff's physicians to testify to alleged injuries not pleaded in the petition amounts to the assertion that there is a fatal variance between plaintiff's pleading and proof. They argue that plaintiff's petition set forth with great particularity the specific injuries complained of yet there is no allegation as to general injuries, and that the physicians' testimony were relative to a subluxation and displacement of vertebrae in the neck which was neither pleaded nor could it be anticipated that such testimony would be offered under the pleadings.

\*   \*   \*   \*   \*   \*

"By Section 311, 12 O.S.1951, no variance between the pleading and proof is to be deemed material, 'unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.' The petition charged, and the evidence adduced tended to prove, that plaintiff sustained an injury to the ligaments and tendons in the region of the 3rd cervical vertebrae. The physician's testimony, objected to by defendants, was that the ligaments were a part of the joint; that the same being torn and stretched caused a space to be prevalent between the 3rd and 4th cervical vertebrae which they interpreted as a subluxation. It is their contention that subluxation or injury to the joint itself was not pleaded by plaintiff and therefore the admission of this testimony over their objections constituted error as it was a variance and outside the pleadings. With this contention we cannot agree. The defendants were sufficiently advised that plaintiff claimed damages for the injury suffered, the region of the injury, its nature and extent. Also, they had the opportunity and did have plaintiff examined by their own physician who testified that he found no fracture, dislocation, separation or other abnormality, which the jury evidently did not choose to accept to the exclusion of the evidence introduced by plaintiff.

\*   \*   \*   \*   \*   \*

"No motion to make more definite and certain was filed by defendants, yet they objected to the testimony which in their opinion was outside of the pleadings. This amounted to an objection because of a material variance. However, the testimony of the physicians was to the effect that the subluxation was usually due to a ligament injury and that the ligament was a part of the joint. In the light of such explanatory testimony we must conclude that there was no variance. However, should we concede there might be a variance, in the light of the pleadings, the proof adduced, and the circumstances attending the examination of plaintiff by defendants' physician, we must conclude that defendants were not misled by such variance. See Chase v. Andrews, 145 Okl. 300, 291 P. 114."

A similar situation prevails in the instant case. There was no motion to make more definite and certain. Also, Leona Gustin was examined by defendant's doctor in advance of trial.

In Chase v. Andrews, 145 Okl. 300, 291 P. 114 (1930), the court syllabus reads:

" 'No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.' Patterson v. Missouri, K. & T. Ry. Co., 24 Okl. 747, 104 P. 31."

In view of the pleadings, the medical examination of plaintiff by defendant's doctor, and the exchange of medical reports before trial, we conclude that there was no surprise as regards plaintiff's knee injury. The evidence excluded as to plaintiff's knee injury, deprived the plaintiff of the fundamental right to prove a substantial part of her damages. We therefore conclude that such exclusion was prejudicial to the extent of constituting reversible error.

Plaintiffs' remaining proposition reads as follows:

"PROPOSITION II. The trial court erred in refusing to admit plaintiff, Leona Gustin's evidence of adhesions which occurred as a result of her surgery."

Defendant objected to Leona Gustin's offered proof of adhesions which developed from her surgery. Such complications were not specifically pleaded. During the testimony of her doctor, the following transpired:

"Q What is your opinion?

A. My opinion is that because of the type of surgery and necessarily it was rather prolonged and there is a lot of handling of the entrails that you get adhesions—those type of people are subject to get adhesions in the future and it is not the loss of the spleen that is of any concern —it is the potential formation of adhesions, so I would say she has early adhesive bowel disease and that is the difficulty you encounter with this kind of surgery.

Q What are adhesions?

Mr. McKINNEY: Doctor, there isn't even any claim made for any kind of adhesions. Object to it. It is wholly outside of the issues.

THE COURT: You are correct and I sustain it.

MR. ABEL: Your Honor, if the Court please, Mr. McKinney has known since day one that this lady had abdominal surgery.

THE COURT: Mr. Abel, we don't argue the Court's decision. I have read the pleadings and there is nowhere in there any mention is made in your pleadings. The Court limits you to your pleadings. They have formed the issues which are to be tried."

In Jones v. National Biscuit Company, 29 A.D.2d 1033, 289 N.Y.S.2d 588, 592 (1968), the court said:

"The defendants further contend that medical evidence concerning conditions not claimed in the bill of particulars was admitted over their objections, and that this constitutes reversible error. A plaintiff is necessarily confined to the injuries enumerated in his bill of partic-

ulars unless it is clear from the evidence that other complaints testified to necessarily and immediately flow from the injuries set forth in the bill of particulars.

\*     \*     \*     \*     \*     \*

". . . In the instant case the bill of particulars covers the actual injuries sustained, and it was not error to admit evidence of the symptoms and other direct involvements of such injuries." ·

We are of the opinion that the medical testimony regarding adhesions resulting from surgery that was made necessary by the injuries, should have been admitted for they were a direct result of the known injuries and necessary corrective procedures. We conclude that the exclusion of such evidence was also reversible error.

The judgment is affirmed as to the second cause of action of Jesse James Gustin, and is further affirmed as to the defendant's liability on the first cause of action of Leona Gustin. The judgment as to Leona Gustin's damages under the first cause of action is reversed, and Leona Gustin is granted a new trial as to the amount of her damages for personal injuries.

Affirmed in part; reversed in part.

BOX, P. J., and BAILEY, J., concur.