Louis Mattera, Respondent, v. Green Bus Lines, Inc., Appellant.— In an. action for damages sustained by plaintiff when a bus, concededly owned by defend-- ant, crashed into plaintiff's store in the dead of night and damaged the store and its contents, defendant appeals from a judgment for plaintiff, entered on a jury verdict. Judgment unanimously affirmed, with costs. Defendant contends that the bus was not being operated with its permission at the time of the accident, and that at the trial it overcame the presumption of permission created by section 59 of the Vehicle and Traffic Law. In view of the improbable, contradictory and inconsistent evidence offered by defendant, consisting in large part of its own records, we are of opinion that the jury properly discarded defendant's attempted explanation. The presumption of responsibility was, therefore, not overcome and a finding against the defendant was justified. (St. Andrassy v. Mooney, 262 N. Y. 368, 372.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

The People of the State of New York, Respondent, v. Helen Cleveland, Appellant.— Judgment of the County Court of Dutchess county convicting the defendant of the crime of criminal negligence in the operation of a motor vehicle,, resulting in death, and order denying motion for a new trial, affirmed. Athough we are of opinion that it was improper for the district attorney to cross-examine defendant's medical witness as to whether or not he had been suspended from the staff of a hospital, we regard that error as coming within the province of section 542 of the Code of Criminal Procedure. The proof warranted a con- viction irrespective of the question of defendant's intoxication. In any event, the showing is impressive that, regardless of the degree of intoxication, defendant's judgment and ability were substantially affected by the whisky which concededly she had consumed. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dissents with the following memorandum: I dissent and vote to reverse the judgment and order appealed from and to order a new trial. The most impor- tant element entering into the charge of criminal negligence was the claim that the defendant was intoxicated at the time of the accident. Evidence on this phase of the case was offered by the People and the defendant. The court erred in per- mitting improper questions on the cross-examination of the defendant's medical witness which had the effect of destroying the value of his testimony on this point. I do not think that such error can be treated as harmless and not affecting the substantial rights of the defendant.

The People of the State of New York, Appellant, v. Franklin J. Smith,, Respondent.— The People appeal from an order of the County Court of Orange county dismissing an indictment against the defendant for manslaughter in the first degree and manslaughter in the second degree. Order reversed on the law,, motion denied, and the indictment reinstated. There was sufficient evidence sub-- mitted to the grand jury which, unexplained or uncontradicted, warranted the grand jury in finding the indictment. (Code Crim. Proc. § 258.) It is con-- ceded by the district attorney that illegal evidence against respondent, consisting of a charge of larceny, without conviction, was improperly received in evidence before the grand jury. In the opinion of this court,. the reception of that testimony as well as the record of his brother, a codefendant, was harmless in view of the circumstances surrounding the altercation which led to the killing. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.