Appeal by the People from an order of the County Court of Kings County insofar as it dismisses count 1 of indictment 1892/1947 and count 1 of indictment 1955/1947 on the ground that the evidence before the Grand Jury was insufficient, if unexplained or uneontradicted, to warrant a conviction by a trial jury. Order, insofar as appealed from, reversed on the law and the motion to dismiss said counts is denied. Count 1 of indictment 1892 charges a conspiracy between this respondent (a licensed agent of a professional bondsman), one Paul (another licensed agent by whom respondent was employed), and one Gil, an unlicensed solicitor of bail bonds, to violate section *794 331 of the Insurance Law. Count 1 of indictment 1955 charges a conspiracy between this respondent, one Paul, and one Rao, an unlicensed solicitor of bail bonds, to violate section 331 of the Insurance Law. The evidence was sufficient to show that the unlicensed persons solicited for compensation within the meaning of the statute, that this respondent knew or should have known that Gil and Rao were unlicensed to solicit, and that there was a corrupt agreement between the coconspirators that the benefit of the services of the unlicensed solicitors would be accepted and retained by the licensed agents, and that the unlicensed solicitors would be paid therefor. Mere solicitation by unlicensed persons not in the employ of a professional bondsman is not sufficient to make out a violation of section 331 of the Insurance Law. There must be solicitation for compensation. Where an unlicensed person, by advertising or business cards or otherwise, holds himself out as being in the bail bond business, and thereafter turns over whatever business he obtains to the licensed agents, the unlicensed person is a solicitor within the meaning of the statute even though those in need of bail bonds come to seek out the unlicensed person. There is sufficient proof of solicitation for compensation within the meaning of the statute, even though there is no proof that money actually passed from the licensed agents to the unlicensed solicitors, where an implied obligation on the part of the licensed agents to pay for the services arises on the rendition and acceptance of those services. (See Fox v. Arctic Placer Mining é Milling Co., 229 N. Y. 124, 128.) The receipt of the illegal evidence before the Grand Jury does not invalidate the indictment in view of the fact that there is sufficient competent evidence to warrant the indictment. (People v. Grout, 174 App. Div. 608, 615; People v. Smith, 258 App. Div. 800.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [196 Misc. 304.]