J. Kenneth Servé, J.
The defendants were indicted jointly for the crime of willfully omitting to provide for a child, in that between the 30th day of December, 1963, and the 25th day of January, 1964, the defendants, when able to do so and without lawful excuse, willfully omitted to perform a duty by law imposed upon them to .furnish food, clothing, shelter or medical or surgical attendance to a minor child, to wit: Michelene Mary Edwards, born December 26, 1963.
Both defendants were permitted to inspect the Grand Jury minutes, and thereafter each defendant applied for an order to dismiss the indictment. In this decision, the motions of each defendant will be dealt with separately.
MOTION OF DEFENDANT, MARJORIE RAMSEY EDWARDS
The defendant, Marjorie Ramsey Edwards, has applied for the order to dismiss the indictment because she claims it was based upon incompetent, irrelevant, improper and prejudicial evidence. She also asserts that the legal competent evidence before the Grand Jury was not sufficient to find an indictment.
The court has read the Grand Jury minutes, and it appears that prejudicial, irrelevant and hearsay evidence was produced for the consideration of the jury. However, the law is well established that if the legal evidence before the Grand Jury is sufficient to warrant an indictment, it will not be set aside even though illegal evidence is received. (People v. Rabinowitz, 277 App. Div. 793, affd. 301 N. Y. 763; People v. Smith, 258 App. Div. 800; People v. Grout, 174 App. Div. 608, 615.)
The testimony before the Grand Jury shows that the defendants were the parents of Michelene Mary Edwards, who died January 25, 1964, about four weeks after her birth. About 10 days before her death, the defendant, Marjorie Ramsey Edwards, noticed that her daughter, Michelene, had a diaper rash, and she attempted to cure the rash by home remedies. The rash became progressively worse until the infant’s death. At no time did Michelene receive the services of a doctor for the rash condition.
Subdivision 1 of section 482 of the Penal Law does not contemplate the necessity of calling a physician for every trifling complaint with which a child may be afflicted, which, in most instances, may be overcome by the ordinary household nursing by members of the family. A reasonable amount of discretion is vested in the parents, who are charged with the duty of main- *932 taming’ and rearing their infant children. The standard is, at what time would an ordinary prudent person, solicitous for the welfare of his child and anxious to promote its recovery, deem it necessary to call in the services of a physician. (People v. Pierson, 176 N. Y. 201, 205, 206.)
Medical witnesses who examined the body of the infant a short time after death described the rash condition in their testimony before the Grand Jury in the following language: “ Dirty matter which appeared full of sores and boils ”; and the “nth degree of diaper rash”; and the “the entire area was congested and covered with real ulcers ”; and “ an exzemic state of ulceration ”.
The defendant testified before the Grand Jury and told about Michelene’s skin condition and the home remedies she used to treat the rash. She stated that she did not seek any medical attention for Michelene’s condition, but that she had intended to take her daughter to the doctor on Saturday, January 25, 1964, because it was time for the baby’s four weeks’ checkup following birth. She further testified that the reason she had not taken Michelene to the doctor was that she could not afford to run up any bigger doctor bill than she already had, and she was afraid that if she would take her daughter to the doctor before the four weeks’ checkup time, she would have to pay for the office call besides the doctor’s fee. The defendant also testified that she and her husband owed the doctor quite a bit of money and she did not know when or how they would ever pay for what they owed him, and she did not want it any worse than it was. Testimony was also produced before the Grand Jury to show that the defendant’s husband had not been working for the period of three weeks prior to the death of the infant, and that their finances were not in good condition.
The evidence before the Grand Jury described the nature and extent of the rash. There was also before the Grand Jury the defendant’s explanation as to why she did not obtain the services of a physician for her daughter, and also a description of the defendant’s method of treating her daughter’s skin condition. It was the function of the Grand Jury to weigh the legal evidence and determine whether all the evidence before them taken together would, if unexplained or uncontradicted, warrant a conviction by the trial jury. (Code Crim. Pro., § 251.) In this case an affirmative determination was made and an indictment was found.
The decision as to whether a trial jury would convict upon the evidence is specifically relegated by the Legislature to the *933 judgment of the Grand Jury. (People v. Eckert, 2 N Y 2d 126, 129.) In order to form such a judgment, however, the evidence presented to the Grand Jury taken together must be equivalent of prima facie proof that the crime charged has been committed by the defendant. (People v. Peetz, 7 N Y 2d 147,149.)
Upon all the legal evidence before the Grand Jury in this case, this court cannot say that as a matter of law there was not prima facie proof that the defendant committed the crime charged.
The motion of the defendant, Marjorie Ramsey Edwards, for an order to dismiss the indictment is denied.
MOTION OF DEFENDANT, GERALD HENRY EDWARDS
This defendant has applied for an order to dismiss the indictment upon the ground that the same is contrary to law, illegal and invalid in that the same was not found on sufficient legal or adequate evidence.
The evidence before the Grand Jury failed in every respect to show that this defendant knew about his daughter Michelene’s rash. Nowhere in the Grand Jury minutes is there any evidence that would permit the Grand Jury to find that this defendant knew about his daughter’s condition. Before the Grand Jury could indict this defendant for willfully omitting, when able to do so and without lawful excuse, to perform a duty by law imposed upon him to furnish medical attendance to his daughter, Michelene, in violation of section 482 of the Penal Law, the Grand Jury would necessarily have to have at the minimum, legal evidence before them to show that the defendant knew of his daughter’s physical condition and that he willfully and deliberately failed to secure medical attendance. There was no such evidence before the Grand Jury.
However, the indictment also charges the defendant with willfully omitting, when able to do so and without lawful excuse, to perform a duty by law imposed upon him to furnish shelter for his daughter, Michelene.
During the time alleged in the indictment, the defendant lived with his wife, the codefendant, and his daughter, Michelene, and his other children, in a house at 318 West Bank Street, at Albion, New York. He rented the premises from a George Johnson. This house is part of a double house. Mr. Johnson resides in the other half of the double house, and it is known as 316 West Bank Street.
Johnson testified before the Grand Jury that he went into this defendant’s home at about 5:30 a.m., on January 25,1964 because *934 Mrs. Edwards came to his house and informed him and his wife that there was some trouble with the Edwards baby and asked for help. Johnson then went into the Edwards house and observed the defendant, Gerald Henry Edwards, with the baby, Michelene. The emergency squad of the Albion Eire Department was summoned, and Johnson assisted in the efforts to resuscitate Michelene. Johnson told the Grand Jury that there was no heat in the Edwards home on January 25, 1964 when he was there about 5:30 a.m., and that it was very cold in the Edwards house. Other testimony showed that Michelene had been put to bed in her home at approximately 9:30 p.m., the night before.
Johnson also testified that on prior occasions there had been no heat in the Edwards house. However, he did not state that Michelene was in the house on such occasions.
Mrs. Edwards, the codefendant, testified that there had not been any heat in the Edwards home in January, 1964, on occasions other than and prior to January 25,1964. There is nothing in the minutes of the Grand Jury to show that Michelene was in the unheated house on those other occasions.
The defendant, Gerald Henry Edwards, being the father of the child, Michelene, had the obligation, under subdivision 1 of section 482 of the Penal Law, to furnish shelter for her. The phrase ‘ ‘ to furnish * * * shelter ’ as used in this statute, means not only providing a structure in which the minor child may live, but there is also implicit in such phrase the duty of the legally obligated person to see that in such structure conditions do not exist which are or which may be injurious to the health and welfare of the minor child residing therein.
After a careful examination of the Grand Jury minutes, this court cannot say that as a matter of law the legal evidence presented to the Grand Jury taken together is not prima facie proof that this defendant committed the crime charged, to wit: willfully omitting, when able to do so and without lawful excuse, to perform a duty by law imposed upon him to furnish shelter for a minor, to wit: Michelene Mary Edwards. The motion of this defendant, Gerald Henry Edwards, to dismiss the indictment is hereby denied.